[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2006
THOMAS K. KAHN
CLERK

No. 05-13016
Non-Argument Calendar

_____

D. C. Docket No. 04-00027-CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

KEVIN HALSEMA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 9, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

The government appeals the 24-month sentence of Kevin Joseph Halsema,

who pled guilty to possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The government argues that the district court imposed an unreasonable sentence and failed to properly consider the United States Sentencing Guidelines ("Guidelines") in determining Halsema's post-Booker sentence. The government argues that the sentence is unreasonable because the sentence was less than half of the low end of the Guidelines range and because several of the district court's reasons were reasons rejected for downward departures under the pre-Booker, mandatory Guidelines.

"The district court's interpretation of the [S]entencing [G]uidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous." United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir.), cert. denied, 126 S.Ct. 812 (2005). Under United States v. Booker, we must determine whether a defendant's ultimate sentence is "unreasonable." 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Specifically, the Court has directed sentencing courts to consider the factors in 18 U.S.C. § 3553(a) in imposing sentences under the advisory Guidelines scheme. Id. at 261, 125 S.Ct. at 765-66. "Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The § 3553(a) factors serve as guides for the district and appellate courts in

2

determining whether a sentence is reasonable. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). "We must evaluate whether the sentence imposed . . . fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. The "party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

We have determined that sentences at the low-end of the applicable Guidelines range were reasonable when the district court considered § 3553(a) factors. See Winingear, 422 F.3d at 1246; Talley, 431 F.3d at 788. Recently, we concluded that a sentence was reasonable, even though it was less than half of the low end of the applicable Guidelines range, because the district court correctly calculated the advisory Guidelines range and considered the 18 U.S.C. § 3553(a) factors when it imposed the sentence. United States v. Williams, 435 F.3d 1350 (11th Cir. 2006).

At Halsema's sentencing the district court correctly calculated the Guidelines range as 57 to 71 months. The district court, however, sentenced Halsema to 24 months imprisonment. The district court explicitly stated that it had "reviewed and fully considered the factors set out in 18 United States Code, Section 3553(a) . . . ." Section 3553(a) provides that a sentencing court shall

consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for –
> > (A) the applicable category of offense committed by the applicable category of defendant . . . ;
> (5) any pertinent policy statement . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The district court stated that Halsema's 24-month sentence "is sufficient to provide just punishment . . . and serves as an adequate deterrent to others." The district court also offered specific reasons for its sentence. The district court relied on expert testimony that a longer sentence would negatively affect Halsema's rehabilitation. The district court noted that Halsema had progressed with treatment and, furthermore, that he had suffered greatly from his incarceration thus far. The district court believed that 24 months was sufficient punishment for Halsema's offense. These reasons are appropriate considerations under 18 U.S.C. § 3553(a).

4

We are satisfied that the district court seriously considered the § 3553(a) factors. The government has failed to establish that the sentence was unreasonable. Although the district court's reasons for the lesser sentence might not have supported a downward departure under the mandatory Guidelines, they are appropriate considerations under an advisory system. Accordingly, we

**AFFIRM**.[1]

---

[1] The parties' requests for oral argument are denied.