[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————

No. 05-14900
Non-Argument Calendar

————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00217-CR-ORL-22-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

SAINT R. MURPHY,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————

**(May 18, 2006)**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

This is the second time we consider Saint R. Murphy's sentence on appeal.

We previously vacated and remanded Murphy's 292-month sentence, for

conspiring to possess with intent to distribute 5 kilograms or more of cocaine

hydrochloride and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii), for resentencing under the now-advisory Sentencing Guidelines, pursuant to United States v. Booker, 543 U.S. 220 (2005). See United States v. Murphy, No. 04-16312 (11th Cir. May 5, 2005) (unpublished order granting government's motion to remand for resentencing) ("Murphy I"). In this appeal, "Murphy II," the government appeals the 188-month sentence imposed at the resentencing hearing. On appeal, the government argues that the district court erred as a matter of law by determining that Murphy could be sentenced only on the basis of the drug quantities charged in the indictment, to which he pled guilty, rather than based on the district court's own findings of greater drug quantities. The government asserts that after Booker a district court may impose a sentence based on judicial findings of fact that go beyond the facts charged in the indictment and the defendant's admissions, so long as the district court does not do so under a mandatory Guidelines regime.

Upon careful review of the record and the parties' arguments, and in light of our intervening caselaw concerning sentencing after Booker, which we observe was not available to the district court when it resentenced Murphy, we again vacate Murphy's sentence and remand for resentencing.

2

The relevant facts and procedural history follow. On January 21, 2004, by superseding indictment, Murphy, along with 3 co-defendants, was charged with conspiring to possess with intent to distribute 5 kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii). Murphy pled guilty and proceeded to sentencing for the first time in Murphy I.

According to the presentence investigation report ("PSI"), Murphy was arrested after another individual, who was cooperating with authorities, provided information about drug trafficking activities in Daytona Beach, Florida. The cooperating witness estimated that Murphy and his brother purchased 10 to 45 kilograms of cocaine twice monthly. A confidential informant also advised law enforcement agents that on one occasion he or she transported between 60 and 80 kilograms of cocaine base to Murphy and his brother. The PSI stated that the total quantity of drugs attributable to Murphy exceeded 150 kilograms of cocaine hydrochloride and 1.5 kilograms of cocaine base.

Murphy raised two objections to the PSI, including, pursuant to Blakely v. Washington, 542 U.S. 296 (2004), that the Federal Sentencing Guidelines were unconstitutional and that he should be sentenced without regard to the base offense level established by the Guidelines and his criminal history. He also disputed the

PSI's determination of drug quantity, arguing that he pled guilty to only the amount charged in the indictment, which was 5 kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base.

On September 17, 2004, at the first sentencing hearing, the district court overruled Murphy's Blakely claim, noting that this Court had determined that the Blakely holding did not apply to the Guidelines. After considering the testimony of three cooperating co-conspirators, the district court specifically found that Murphy's crime involved 150 kilograms or more of cocaine hydrochloride and 1.5 kilograms of cocaine base. Based on this finding, the PSI's recommendations, and Murphy's adjusted offense level of 36 and criminal history category V, Murphy faced a Guidelines sentencing range of 292 to 365 months' imprisonment. The district court imposed a 292-month term of imprisonment, followed by 5 years' supervised release. The government inquired whether the district court would have imposed the same sentence if the Guidelines were declared unconstitutional, to which the district court responded it would have imposed a 150-month sentence based on the drug quantity to which Murphy pled rather than the amount calculated in the PSI.

In Murphy I, Murphy appealed to this Court, arguing that he was entitled to be resentenced under Booker, which issued after his sentence was imposed and

4

while his appeal was pending here. The government filed a "Motion for Order Certifying that Remand for Resentencing is Warranted" based on the district court's comments at sentencing that if the Guidelines had not been mandatory, the court would have imposed a lower sentence. The district court also certified that resentencing was warranted and we vacated Murphy's sentence and remanded the case for a new sentencing hearing, during which the district court could consider the Guidelines as advisory. We provided the following guidance to the district court in our Murphy I remand order:

> At the new sentencing hearing, the District Court is still required to make guidelines calculations, should determine the guidelines range, and shall consider the guidelines range along with the statutory factors contained in 18 U.S.C. § 3553(a). See U.S. v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir. 2002) (Stating "the guidelines range is now advisory; it no longer dictates the final sentencing result but instead is an important factor that the sentencing court is to consider along with the factors contained in § 3553(a) in reaching the sentencing result.").

Id.

On August 2, 2005, at the resentencing hearing, which forms the basis of the government's instant appeal, Murphy reiterated his argument that the district court could not find drug quantities exceeding the amounts charged in the indictment or admitted by him. The government responded that, post-Booker, while the Guidelines should be applied in an advisory fashion, it was not necessary that the drug amount be charged in the indictment or proven beyond a reasonable doubt to

5

a jury. The government noted that the testimony from the first sentencing hearing supported the conclusion that Murphy had been responsible for a larger drug quantity than the quantity specified in the indictment. The following colloquy then took place:

> [AUSA]: In reviewing the transcript of sentencing on November 17[, 2004] . . . I believe [the Court] was concerned as to whether or not we had proof beyond a reasonable doubt of the amount of drugs. If we did, the Court indicated, then it would be five kilos of cocaine, 50 grams of crack, and therefore, he would be a level 32. . . .
>
> That was not the case, as it would happen. The Supreme Court, I think, surprised all of us in its ruling and basically said that guidelines were just advisory. So we would ask the Court to still sentence him to what we believe is a reasonable sentence, the sentence previously imposed, which was the low end of the guideline range.
>
> THE COURT: Do you have any case law that says that post-Booker and Fanfan that there's no need for a jury to determine the drug quantity?
> . . . .
> I don't remember a case but I'm asking if you know.
>
> . . . .
>
> [DEFENSE COUNSEL]: No, I don't, Judge, because I don't know that there is any case that's a remand case or anything, a sentencing, after January, [the date of Booker], that would have just been a pure Booker case as opposed to some type of Blakely/Booker hybrid. I don't know of any.
>
> THE COURT: So there is no disagreement that he's a [offense level] 32-[criminal history category] V if it has to be the drug quantity he pled to?

[AUSA]: If the drug quantity had to be proved beyond a reasonable doubt or admitted by the defendant, than it would be a 32-V.

THE COURT: Right. Do you agree with that --

[DEFENSE COUNSEL]: Yes.

. . . .

THE COURT: . . . Well, I'm going to make the <u>finding that in an instance such as this where the defendant pleads guilty assuming a certain level of drug quantity charged in the indictment, [that] is the guideline range the Court should impose</u>. So I'm going to consider the guidelines range is 30-V [after a 2-level acceptance-of-responsibility reduction] which is 168 to 210. And then I'll address arguments from both sides as to whether the guideline range is appropriate in this case.

(emphasis added). Thus, the court determined, the total adjusted offense level, after a two-level reduction for acceptance of responsibility, was 30, and the criminal history category was V, resulting in an applicable guideline range of 151 to 188 months' imprisonment.

In support of a low-end sentence of 151 months' imprisonment, defense counsel argued that Murphy's co-conspirators had received sentences ranging from 37 to 210 months' imprisonment, with the average sentence being 145 months. Counsel also urged that a criminal history category V overstated the seriousness of Murphy's criminal history.

7

The government objected to the district court's determination that it could not make factual findings to support the offense-level enhancements it previously imposed at the first sentencing hearing. The government also urged that Murphy played a larger role in the conspiracy, thus supporting a higher sentence than other co-conspirators.

After hearing the parties' arguments, providing Murphy the opportunity to make a statement, and noting that it had considered the § 3553(a) factors, the court imposed a high-end sentence of 188 months' imprisonment and 5 years' supervised release, finding "no reason . . . considering [§] 3553 to depart from the guidelines sentence" and stating that Murphy "should get the high end of the sentencing guideline rather than the low end based upon his participation in this conspiracy." The court subsequently reiterated that it "[found] no reason to depart from the sentence called for by application of the guidelines. This appeal followed.

We have now made clear that <u>Booker</u>'s prohibition against extra-verdict enhancements is dependent on the <u>mandatory</u> nature of the Guidelines. <u>See</u> <u>United States v. Shelton</u>, 400 F.3d 1325, 1331 (11th Cir. 2005)("<u>Booker</u> error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory."). "[B]oth majority opinions in <u>Booker</u> make clear that the decisive factor that makes pre-<u>Booker</u> sentencing problematic is not extra-verdict

enhancements but their use in a mandatory guidelines system." <u>United States v.</u> <u>Rodriguez</u>, 398 F.3d 1291, 1301 (11th Cir.), <u>cert. denied</u>,--- U.S. ----, 125 S. Ct. 2935; <u>see also</u> <u>United States v. Chau</u>, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (holding that if a district court applies the Guidelines as advisory, nothing in <u>Booker</u> prohibits the district court from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admission).

Thus, a district court may find facts not found by a jury nor admitted by the defendant, and use them in formulating a sentence, as long as the district court properly applies <u>advisory</u> Guidelines. <u>Chau</u>, 426 F.3d at 1324. As we have explained, "the district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." <u>United States v.</u> <u>Polar</u>, 369 F.3d 1248, 1255 (11th Cir. 2004).

In the instant case, the district court's statements at the resentencing hearing indicate that it erred as a matter of law in imposing sentence. The court said: "in an instance such as this where the defendant pleads guilty assuming a certain level of drug quantity charged in the indictment, [that] is the guideline range the Court should impose." Given the colloquy that took place before this conclusion, it is

clear the district court thought that <u>Booker</u> required it to use the amount charged in the indictment, or admitted by a defendant, in calculating the Guidelines range. To the contrary, we have explained that post-<u>Booker</u>, sentencing courts can make factual determinations using a preponderance-of-the-evidence standard, and sentence a defendant on the basis of such factual findings, even if the defendant did not admit to those facts. See <u>Chau</u>, 426 F.3d at 1323.

Here, at the first sentencing hearing, for which a PSI was prepared and at which time it heard the testimony of three cooperating co-conspirators, the district court found as a fact that the instant offense involved 150 kilograms or more of cocaine hydrochloride and 1.5 kilograms of cocaine base, but indicated it would impose a lower sentence if the Guidelines were advisory. At the resentencing hearing, the district court took no new evidence, made no new factual findings, and did not order an amended PSI, but determined that it could not use the findings it had previously made to compute the drug quantity attributable to Murphy. This was legal error and requires that we vacate and again remand Murphy's case for resentencing. Cf. <u>Polar</u>, 369 F.3d at 1255 (noting that "factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing").

On remand, the district court initially must correctly calculate the Guidelines range and then may, if warranted, and in consideration of the 18 U.S.C. § 3553(a) sentencing factors, "impose a more severe or more lenient sentence as long as it is reasonable." United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005); see also United States v. Williams, 435 F.3d 1350, 1353-54 (11th Cir. 2006) ("After it has made this calculation [the correctly calculated Guidelines range], the district court may impose a more severe or more lenient sentence as long as the sentence is reasonable.").

**VACATED AND REMANDED.**