[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16020
Non-Argument Calendar

_____

D. C. Docket No. 03-00217-CR-ORL-22-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAINT R. MURPHY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 20, 2007)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

This is the third time we consider Saint R. Murphy's sentence on appeal.

We have twice vacated and remanded Murphy's sentence, for conspiring to possess

with intent to distribute 5 kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii), for resentencing under the now-advisory Sentencing Guidelines, pursuant to United States v. Booker, 543 U.S. 220 (2005). See United States v. Murphy, 182 Fed. Appx. 894 (11th Cir. 2006) (unpublished) ("Murphy II") (vacating 188-month sentence and remanding for consideration of 18 U.S.C. § 3553(a) factors and fashioning of a reasonable sentence); United States v. Murphy, No. 04-16312 (11th Cir. May 5, 2005) (unpublished order granting government's motion to remand for resentencing, vacating 292-month sentence, and remanding for a new sentencing hearing) ("Murphy I").

In this appeal, "Murphy III," Murphy appeals the 292-month sentence imposed at his second resentencing hearing. Murphy argues that the district court failed to consider the factors of 18 U.S.C. § 3553(a) and imposed an unreasonable sentence.[1] We affirm.

---

[1] We decline to address, except to observe we find the argument without merit, Murphy's suggestion that the district court misunderstood the import of Booker. Despite our lengthy discussion of Booker and the advisory nature of the Guidelines in our opinion in Murphy II, which we observe the district court made clear it had reviewed carefully prior to the third sentencing hearing in this matter, Murphy says that the district court treated the Guidelines as mandatory and, proceeding under a mandatory sentencing scheme, made judicial findings of fact to calculate his sentencing range, in violation of Booker. We have carefully reviewed the record again and from our reading of the transcript of the third sentencing hearing, the district judge fully understood that the Guidelines had been rendered advisory by the Booker decision, and that judicial factual findings, or "extra-verdict enhancements," remain permissible in such an advisory system. Cf. United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005) (after Booker, "the use of extra-verdict enhancements

The parties are familiar with the procedural history leading up to our decision in Murphy II, and we do not recount it again here. In Murphy II, we noted that a prohibition on extra-verdict enhancements was dependent on the mandatory nature of the Sentencing Guidelines, and that it remained permissible for a sentencing court to make factual findings by a preponderance of the evidence within the confines of an advisory system. We held that at the first resentencing hearing, on remand from Murphy I, the district court erred as a matter of law because it thought that it was required to use the drug quantity charged in the indictment or admitted by the defendant in calculating the sentencing guidelines range.

At the second resentencing hearing, Murphy again objected to the judicial findings of fact on drug quantity or criminal history beyond what was charged in the indictment or admitted by him. He also objected to the court's consideration, at the first sentencing hearing, of the testimony of three convicted felons, in support of the drug quantity for which Murphy was responsible. The court overruled Murphy's objections, stating that it "made a factual finding at the first sentencing and I think that that's binding. And I see no reason why I would make a different decision based on the facts today." The court determined that Murphy's total

---

in an advisory guidelines system is not unconstitutional"(internal quotation and citation omitted)).

3

offense level was 36, his criminal history category was V, and the sentencing range was 292-365 months' imprisonment.

Prior to imposition of sentence, the district court considered Murphy's mitigating evidence. Murphy testified that he had undergone drug counseling, and that he intended to take a computer class. He requested a sentence below the advisory sentencing range, particularly in light of his co-defendants' sentences, including co-defendant Rhoden, who had received a 215-month sentence and, according to Murphy, was significantly higher in the drug conspiracy. Murphy also argued that his criminal history was primarily based on misdemeanors, and thus, his criminal history category misrepresented his prior criminal conduct.

The government responded that while co-defendant Rhoden had supplied Murphy with drugs, Murphy was receiving drugs from another supplier as well, which made a sentencing comparison of the two defendants unhelpful. The court asked the government about the sentences imposed in related cases, and the government argued that any disparity was attributable to Murphy's significant criminal history. In support of a 292-month sentence, which was at the lowest end of the advisory Guidelines range, the government noted that Murphy had multiple drug convictions and was a violent individual, and that a Guidelines sentence was necessary to protect the public.

The district court sentenced Murphy to 292 months' imprisonment, stating that it found no reason to depart from the Guidelines range and noting Murphy's criminal history. This appeal followed.

On appeal, Murphy contends that his sentence was unreasonable due to the district court's failure to consider the § 3553(a) factors.[2] Nothing in Booker requires the district court to state on the record that it has explicitly considered every § 3553(a) factor or to discuss each factor. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). In Scott, we found that the record reflected that the district court had considered the § 3553(a) factors and guidelines range as counsel "argued at length" the factors in § 3553(a). Id. Moreover, the district court's explicit acknowledgment that it had considered the defendant's arguments and the factors set out in § 3553(a), alone, was sufficient. Id. at 1330. In determining if the district court has adequately considered the defendant's arguments and the § 3553(a) factors, we can look to the district court's statements over the entire sentencing hearing. See United States v. Williams, 435 F.3d 1350, 1355 (11th Cir. 2006).

_____

[2] In sentencing a defendant, the factors that a district court should consider include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to protect the public, to afford adequate deterrence, and provide the defendant with needed medical care or correctional treatment; (4) the pertinent Sentencing Commission policy statements; and (5) the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a).

Here, the district court's sentence complied with <u>Booker</u> and was reasonable. At the second resentencing hearing, the district court not only heard Murphy's mitigating evidence and argument concerning sentencing disparities, but also questioned the government on the sentences that had been imposed in related and similar drug cases. The court also considered the government's argument that a sentence within the advisory range was necessary to protect the public, given Murphy's criminal history. Moreover, the district court explicitly stated that it was sentencing Murphy within the Guidelines range, albeit at the lowest end, due to Murphy's criminal history. On this record, and in light of the advisory Guidelines range and the district court's consideration of the § 3553(a) factors, we cannot say that the imposition of a low-end sentence was unreasonable.

**AFFIRMED.**