[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2006
THOMAS K. KAHN
CLERK

No. 05-15714
Non-Argument Calendar

_____

D. C. Docket No. 05-00005-CR-FTM-33-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOSLEN HERNANDEZ ROMERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 29, 2006)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Noslen Hernandez Romero appeals his sentence imposed after he pled guilty to conspiracy to possess with intent to distribute more than 1,000 marijuana plants, and possession with intent to distribute more than 1,000 marijuana plants, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vii). Romero appeals the district court's refusal to grant a minor-role reduction and challenges his sentence as unreasonable. We affirm Romero's sentence.

## I. DISCUSSION

### A. *Minor-role reduction*

"[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The Sentencing Guidelines provide for a two-level decrease in a defendant's offense level if the court finds the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2. In determining whether a mitigating-role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has

already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944. Furthermore, "that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor . . . participants." *Id.* The proponent of the reduction bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. *Id.* at 939.

The district court did not clearly err by refusing to grant Romero a minor-role reduction because the district court held Romero accountable only for the plants with which he worked and not the number of plants attributed to the conspiracy. Romero was responsible for keeping approximately 6,000 marijuana plants alive, which supports the district court's finding that Romero played an integral role in the success of the conspiracy. Moreover, the large amount of marijuana involved in this offense suggests a minor-role reduction was inappropriate. Finally, we have stated a case may involve a conspiracy in which none of the actors is a minor participant. Accordingly, the district court did not clearly err in refusing to grant Romero a minor-role reduction.

B. *Reasonableness*

After the Supreme Court's opinion in *United States v. Booker*, 125 S. Ct. 738 (2005), we review a defendant's ultimate sentence for reasonableness. *United States v. Williams*, 435 F.3d 1350, 1353 (11th Cir. 2006). "Before deciding whether a sentence is reasonable, we first determine whether the district court correctly interpreted and applied the Guidelines to calculate the appropriate advisory Guidelines range." *Id.* Then we determine whether the ultimate sentence imposed was reasonable in the context of the factors in 18 U.S.C. § 3553(a). *Id.*

Factors the district court should take into account under 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the advisory Guidelines range. *United States v. Scott*, 426 F.3d 1324, 1328-29 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)). However, "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *Id.* at 1329.

The district court correctly calculated Romero's advisory Guidelines range of 70 to 87 months' imprisonment. In looking at the § 3553(a) factors, the district

court specifically acknowledged Romero's youth and the date he arrived in the United States, but the court found more important that Romero did not commit the crimes because he was suffering from an addiction to drugs and the large amount of marijuana involved in the portion of the conspiracy for which he was accountable. 18 U.S.C. § 3553; *Scott*, 426 F.3d at 1328-29. The court found Romero's actions were integral to the success of the conspiracy and supported a sentence at the high end of the range. We find his 87-month sentence reasonable.

**AFFIRMED.**