[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2006
THOMAS K. KAHN
CLERK

No. 05-16205
Non-Argument Calendar
_____

D. C. Docket No. 05-00207-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER CASTRO ESTUPINAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 30, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Javier Castro Estupinan appeals his 135-month sentence imposed

for possessing with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a),(g) and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a),(g),(i), and 21 U.S.C. § 960(b)(1)(B)(ii). On appeal, Estupinan argues that: (1) the district court clearly erred in finding that he was not entitled to a minor-role reduction pursuant to U.S.S.G. § 3B1.2(b); and (2) the sentence imposed by the court was unreasonable. Each issue is discussed in turn.

## I. *Minor-Role Reduction*

Estupinan argues that the district court clearly erred in not granting him a minor-role reduction because other individuals involved in the conspiracy played a far superior role than him and he was: (1) not the owner of the boat; (2) did not plan the trip; (3) did not help with navigation; (4) was not the owner of the drugs; (5) was not paid commission for the sale of the drugs; and (6) did not participate in any decision making. Estupinan argues that he was "merely a courier" and "only a sailor" and that other similarly situated defendants have received mitigating role reductions and lesser sentences. Estupinan argues further that the courts treat similarly situated defendants, like himself, in a disparate manner.

"[We have] long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The proponent of the downward adjustment always bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. *Id.* at 939. In determining the defendant's role, the decision falls within the sound discretion of the district court: "a trial court's choice between 'two permissible views of the evidence' is the very essence of the clear error standard of review." *Id.* at 945.

Pursuant to U.S.S.G. § 3B1.2 (b), a district court must decrease the defendant's offense level by two "if the defendant was a minor participant." U.S.S.G. § 3B1.2(b). A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* at comment. (n.5).

Two legal principles should guide the district court in determining the defendant's role. *De Varon*, 175 F.3d at 934. First, "the district court must measure the defendant's role against [his] relevant conduct, that is, the conduct for which [he] has been held accountable under U.S.S.G. § 1B1.3." *Id.* In determining a defendant's conduct in the offense, the "amount of drugs is a

3

relevant factor and . . . under some circumstances it may be dispositive." *Id.* at 943. Moreover, "a defendant's status as a drug courier does not alter the principle that the district court must assess the defendant's role in light of the relevant conduct attributed to [him]." *Id.* at 942. A "courier status in and of itself is not dispositive of whether a defendant is entitled to or precluded from receiving a downward adjustment for [his] role in the offense." *Id.* Second, "where the record evidence is sufficient, the district court may also measure the defendant's conduct against that of other participants" in the crime. *Id.* at 934.

After reviewing the record, we conclude that the district court's decision to deny Estupinan a minor-role reduction is supported by the record. Under the first prong of the *De Varon* test, Estupinan's relevant conduct arose out of his own activities and his criminal agreement to transfer 4,300 kilograms of cocaine by vessel. Under the second prong of the *De Varon* test, when comparing Estupinan's role to the role of other participants in the offense, the facts describing the offense show that he is equally culpable to the other participants and that the only defendant who appeared to be more involved than Estupinan and the other defendants was the defendant identified as the master of the vessel. Based on these findings, the district court properly denied Estupinan's request for a minor-role reduction.

4

## II. *Reasonableness of Sentence*

Estupinan argues that his sentence of 135 months imprisonment is unreasonable because the court should have placed more weight on the fact that Estupinan's involvement in the offense resulted from his responsibility for several family members that all live in poverty with no government assistance and that he did not board the vessel to carry drugs, but rather to obtain money to support and feed himself and his family. Estupinan argues further that the district court should have adjusted his sentence based on the unwarranted sentence disparities that have resulted from some defendants receiving minor role reductions and others who have not.

Pursuant to the Supreme Court's instructions in *United States v. Booker*, we review a district court's sentence, imposed after consulting the guidelines and considering the factors set forth at § 3553(a), for reasonableness. 543 U.S. 220, 264-65 (2005); *United States v. Williams*, 435 F.3d 1350, 1353 (11th Cir. 2006) ("Under *Booker*, we review a defendant's ultimate sentence for reasonableness."). In assessing the reasonableness of a sentence, the factors that a district court should consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, the pertinent Sentencing Commission policy statements, and the need to

avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a). The reasonableness review is "deferential" and focuses on whether the sentence imposed achieves the purposes of sentencing as stated in § 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "Further, a laundry list of § 3553(a) factors is not required because 'nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.'" *Williams*, 435 F.3d at 1353-54.

We are persuaded that Estupinan's sentence was reasonable as reflected by the district court's consideration of the guideline range and the § 3553(a) factors. The district court's deliberations reflect consideration of: (1) the nature and circumstances of the offense; (2) the need for adequate deterrence and protection of the public; and (3) the history and characteristics of the defendant. Because the imposition of Estupinan's sentence was reasoned and reflected consideration of the relevant factors under § 3553(a), including the advisory guideline range, we conclude that Estupinan's sentence is reasonable.

For the above-stated reasons, we affirm Estupinan's conviction and sentence.

**AFFIRMED.**