[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11095
Non-Argument Calendar

_____

D. C. Docket No. 05-20719-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CANDELARIO DE LA ROSA-PADILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 17, 2006)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Candelario De La Rosa-Padilla appeals his sentence of 168 months of

imprisonment for conspiracy to possess and possession with intent to distribute five or more kilograms of cocaine while on board a vessel. 46 U.S.C. App. § 1903(a), (j). Rosa-Padilla argues that the district court clearly erred during sentencing when it denied him a minor-role reduction and that his sentence is unreasonable. We affirm.

We review the application of the sentencing guidelines by the district court de novo and review findings of fact for clear error. United States v. Crawford, 407 F.3d 1174, 1177-78 (11th Cir. 2005). We review sentences for reasonableness. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006).

The Sentencing Guidelines provide for a two-level reduction for a minor role for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5. Whether a defendant is a minor participant is based on the criminal conduct for which the defendant is held responsible. United States v. Rodriguez DeVaron, 175 F.3d 930, 940 (11th Cir. 1999). In a drug offense, the court may not consider the "greater drug conspiracy" but only the conduct that determined the defendant's base offense level. Id. at 942. "[W]hen a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at

2

942-43. Similarly, the defendant's culpability is determined by comparison with other participants in the relevant conduct. Id. at 944.

Rosa-Padilla and several codefendants were arrested as they attempted to transport approximately 2,600 kilograms of cocaine, and Rosa-Padilla's relevant conduct was limited to that cargo. Because evidence was presented that Rosa-Padilla assisted in the navigation of the boat, recruited at least one other member of the conspiracy to join, and was identified by his co-conspirators as the captain of the "go fast" boat, the district court did not clearly err in determining that Rosa-Padilla did not qualify for a minor-role reduction.

We also conclude that Rosa-Padilla's sentence is reasonable. "We are required 'to determine whether the sentence imposed by the district court was reasonable in the context of the factors outlined in [18 U.S.C. § 3553(a)].'" Id. (quoting United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir.2005)). Review for reasonableness is deferential, United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005), and "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

The transcript of the sentencing hearing reflects that the district court considered the section 3553 factors and the arguments made by Rosa-Padilla

3

regarding his background and personal characteristics.  We cannot say that Rosa-Padilla's sentence, which falls at the low end of the undisputed guideline range, is unreasonable.

The sentence is

**AFFIRMED.**