[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 18, 2006
THOMAS K. KAHN
CLERK

No. 05-17197
Non-Argument Calendar

_____

D. C. Docket No. 04-00607-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORNELIO VALDELAMAR BARRIOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 18, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Cornelio Valdelamar Barrios appeals his sentence of 135 months of

imprisonment for conspiracy to possess and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. 46 U.S.C. App. §§ 1903(a), (g), (j); 21 U.S.C. § 960(b)(1)(B)(ii). Barrios argues that the district court clearly erred during sentencing when it denied him a minor-role reduction and that his sentence is unreasonable. We affirm.

We review the application of the Sentencing Guidelines by the district court de novo and review findings of fact for clear error. United States v. Crawford, 407 F.3d 1174, 1177-78 (11th Cir. 2005). We review sentences for reasonableness. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006).

The Sentencing Guidelines provide for a two-level reduction for a minor role for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5. Whether a defendant is a minor participant is based on the criminal conduct for which the defendant is held responsible. United States v. Rodriguez DeVaron, 175 F.3d 930, 940 (11th Cir. 1999). In a drug offense, the court may not consider the "greater drug conspiracy" but only the conduct that determined the defendant's base offense level. Id. at 942. "[W]hen a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier

2

played an important or essential role in the importation of those drugs." Id. at 942-43. Similarly, the defendant's culpability is determined by comparison with other participants in the relevant conduct. Id. at 944.

Barrios argues that he is entitled to a minor role reduction because he was only a crew member on the boat, was paid little in comparison to the value of the drugs, and was one part of the larger conspiracy. These arguments fail. Barrios and five codefendants were arrested as they attempted to transport approximately 1850 kilograms of cocaine, and Barrios's relevant conduct was limited to that cargo. Because Barrios did not present evidence that he was less culpable than his codefendants with regard to the conduct for which he was held responsible, the district court did not clearly err when it denied the reduction.

We also conclude that Barrios's sentence is reasonable. "We are required 'to determine whether the sentence imposed by the district court was reasonable in the context of the factors outlined in [18 U.S.C. § 3553(a)].'" Id. (quoting United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005)). Review for reasonableness is deferential, United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005), and "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

Although Barrios argues that the district court did not address the factors in

3

section 3553(a) when it imposed his sentence, the transcript of the sentencing hearing reflects that the district court did consider the section 3553 factors and determined that the sentence imposed was sufficient but not greater than necessary for purposes of sentencing. We cannot say that Barrios's sentence, which falls at the low-end of the guideline range, is unreasonable.

The sentence is

**AFFIRMED.**