[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 25, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11847
Non-Argument Calendar
_____

D. C. Docket No. 05-80067-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DIGIROLAMO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(October 25, 2006)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Michael DiGirolamo appeals his 160-month sentence for three counts of

bank robbery. 18 U.S.C. § 2113(a). DiGirolamo argues that his sentence is unreasonable because the court did not adequately consider mitigating factors under section 3553(a) that weighed in favor of a lesser sentence. We affirm.

This Court reviews "a defendant's ultimate sentence for reasonableness." United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). "We are required 'to determine whether the sentence imposed by the district court was reasonable in the context of the factors outlined in [18 U.S.C. § 3553(a)].'" Id. (quoting United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir.2005)). The factors to be considered include the nature of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to protect the public, and the kinds of sentences available. 18 U.S.C. § 3553(a). Review for reasonableness is deferential. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

DiGirolamo argues that his sentence is unreasonable because the district court gave excessive weight to the nature and seriousness of the offense and did not take into consideration DiGirolamo's longstanding drug problem, his substantial assistance to the authorities, that the criminal history category over-represented his actual conduct, or his time spent in state prison. We disagree. The

2

sentencing transcript reflects that the district court adequately considered the section 3553(a) factors. The district court commented on the character of DiGirolamo, his drug addiction, his ability to pay restitution, that DiGirolamo was unarmed during the robberies, and that DiGirolamo had armed himself in the past in connection with his drug activity. We cannot say that DiGirolamo's sentence, which falls at the low end of the undisputed guideline range, is unreasonable.

The sentence is

**AFFIRMED.**