[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-13163
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 7, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-60018-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELODY HOLMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 7, 2007)**

Before BLACK, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Melody Holmes appeals her 10-month sentence imposed after she pled guilty to filing a false claim against the Social Security Administration, in violation of 18 U.S.C. § 287. After review, we affirm.

## I. BACKGROUND

A federal grand jury returned a 32-count indictment charging Holmes with (1) filing false claims against the Social Security Administration ("SSA"), in violation of 18 U.S.C. § 287 (Counts 1-10, 21-26); and (2) converting public money, in violation of 18 U.S.C. § 641 (Counts 11-20, 27-32). The indictment alleged that Holmes, on sixteen separate occasions, falsely claimed that she had not received Supplemental Security Income checks on behalf of her daughters. After receiving replacement checks from the SSA, Holmes negotiated the replacement checks even though she already had negotiated the original checks. Holmes pled guilty to Count 10 of the indictment, pursuant to a plea agreement, and the government agreed to dismiss the remaining counts.

Holmes's presentence investigation report ("PSI") recommended a base offense level of 6, pursuant to U.S.S.G. § 2B1.1(a)(2). The PSI also recommended (1) a 4-level increase, pursuant to § 2B1.1(b)(1)(C), because the total amount of loss to the SSA was $12,684.50; and (2) a 2-level increase for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, because Holmes violated the conditions of

her bond by testing positive for cocaine on several occasions. With a total offense level of 12 and a criminal history category of I, Holmes's advisory guidelines range was 10 to 16 months' imprisonment.

At sentencing, the district court sustained Holmes's objection to the 2-level increase to her offense level for obstruction of justice, resulting in a total offense level of 10 and an advisory guidelines range of 6 to 12 months. The district court then requested argument concerning what sentence to impose. In response, Holmes's counsel argued that Holmes's cocaine addiction was "the root of the problem," and suggested that Holmes's punishment should "get at the root." Accordingly, Holmes's counsel argued for a sentence of time served plus a "residential treatment program for whatever period within the guideline range the Court decides" and a reasonable term of supervised release. Counsel also noted that Holmes had some very serious family circumstances and personal health issues, and that her only criminal history was two traffic violations. Holmes also addressed the court, during which she admitted that she had an addiction to cocaine and stated that she "want[ed] to get past [her] addiction" and be there for her children. The government noted the seriousness of the offense, but also admitted that Holmes needed help for her drug problem.

After stating that it had considered the statements of the parties, reviewed

the PSI, and "considered the statutory factors, especially those raised by [Holmes's counsel]," the district court sentenced Holmes to 10 months' imprisonment, 3 years' supervised release with a special condition that Holmes participate in a substance abuse treatment program, and ordered restitution in the amount of $12,684.50. The district court noted that the sentence was within the advisory guidelines range and that it found no reason to depart from the advisory guidelines range. In response to Holmes's objection to the length of her sentence, the district court explained, "I'm trying to put you in a position where you will have an opportunity to have a constructive life ahead of you when you finish your term of imprisonment. It's clear that you cannot do it on your own." Holmes now appeals.

## II. DISCUSSION

On appeal, Holmes argues that her 10-month sentence is unreasonable and that it is greater than necessary to achieve the sentencing goals of punishment, deterrence, and rehabilitation.

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district court, in determining a reasonable sentence, must consider the correctly calculated advisory guidelines range and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). We review the defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors. United States v.

4

Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). This "[r]eview for reasonableness is deferential. . . . and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

After review, we conclude that Holmes has not shown that her 10-month sentence is unreasonable. The district court correctly calculated the advisory guidelines range, and Holmes does not challenge those calculations on appeal. The district court also indicated that it had considered the § 3553(a) factors, especially those advanced by Holmes's counsel, which included the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), and the need for the sentence to provide treatment for Holmes, id. § 3553(a)(2)(D). Moreover, the district court specifically stated that it was imposing a sentence of 10 months in order to provide Holmes with an opportunity for rehabilitation from her cocaine addiction. Under the facts and circumstances of this case, we cannot say that Holmes's 10-month sentence is unreasonable.

**AFFIRMED.**