[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11594
Non-Argument Calendar

_____

D. C. Docket No. 04-00070-CR-ORL-31-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MARCUS RAQUAL WILLIAMS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 13, 2006)

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

The Government appeals the district court's sentence of 90 months' imprisonment imposed on Marcus Raqual Williams. The Government asserts the sentence is unreasonable, and the district court should have sentenced within the United States Sentencing Guidelines range of 188 to 235 months' imprisonment. We find Williams' 90-month sentence reasonable, and affirm his sentence.

## I. BACKGROUND

Williams met with an undercover agent and two other individuals in December 2003, at which time Williams agreed to sell the agent half of a crack cocaine "cookie" for $350. The cookie was found to weigh five grams. Williams pled guilty to one count of possessing with intent to distribute and distributing five grams or more of a mixture containing crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii). The presentence investigation report (PSI) set an advisory base offense level under the Guidelines at 32, pursuant to U.S.S.G. § 2D1.1(c)(4).[1] Three levels were subtracted pursuant to an acceptance of responsibility adjustment under § 3E1.1. The calculation for the total offense level was 29.

---

[1] This is the incorrect base offense level for five grams of crack cocaine. *See* U.S.S.G. § 2D1.1(c)(4) (citing a base offense level of 32 for at least *50* grams of cocaine base). The correct base offense level for at least 5 grams should have been 26 according to § 2D1.1(c)(7).

Williams met the qualifications for a career offender enhancement under § 4B1.1 because he had two prior felony convictions for either crimes of violence or controlled substance offenses with a statutory penalty of 25 years or more, which raised Williams' total offense level to 34. The two prior felonies cited for this enhancement were (1) possession of cocaine with intent to sell or deliver, and (2) carrying a concealed firearm. The PSI then included the 3-level adjustment for acceptance of responsibility and calculated the enhanced offense level to be 31. Williams' criminal history category was V, which automatically increased to VI because § 4B1.1 career offender status applied. The mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(B) was 5 years and the maximum term was 40 years, but based on the total enhanced offense level of 31 and criminal history category of VI the Guidelines range was 188 to 235 months' imprisonment.

Williams objected to the PSI's application of the § 4B1.1 career offender enhancement on the ground his prior conviction for carrying a concealed weapon was not a crime of violence. Williams maintained his prior offense could not meet the requirements to apply the career offender enhancement under § 4B1.1. At the sentencing hearing, Williams reiterated this argument and asserted *United States v. Gilbert*, 138 F.3d 1371 (11th Cir. 1998), should not apply to his situation.

Williams urged the court to take a more individualized approach to his sentence, pursuant to *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005).

The Government asserted the district court should apply the § 4B1.1 enhancement and sentence Williams within the resulting Guidelines range because *Gilbert* was still good law in this circuit. The Government further contended the career offender enhancement was appropriate (1) given the numerous offenses Williams had committed previously, and (2) because controlled substance offenses and crimes of violence require more severe sentences.

The district court first noted the PSI incorrectly set the base offense level at 32 when the offense only involved 5 grams of crack cocaine. The court found the correct base offense level was 26. The court applied *Gilbert*, and thus the career offender enhancement. The court found Williams' Guidelines range for a base offense level of 31 (34 career offender level minus 3 points for acceptance of responsibility) and a mandatory criminal history category of VI was 188 to 235 months' imprisonment. After calculating the Guidelines range, the court turned to whether the circumstances of the particular case and the factors set forth in 18 U.S.C. § 3553 required a sentence within the advisory Guidelines range or allowed a sentence outside that range. The court stated:

> I think, in light of *Booker*, . . . the Court is still required—and I give considerable deference and weight to the [G]uidelines because a great

deal of thought and research and time has gone into developing them, and I think it's a worthy goal to try to obtain some degree of consistency throughout the country.

On the other hand, there are occasions when the [G]uidelines simply produce an unjust result; and, in my view . . . 188 months in prison for selling $350 worth of cocaine is akin to the life sentence for the guy that stole a loaf of bread in California. To me, that . . . does not promote respect for the law and is way out of proportion to the seriousness of the offense and to [Williams'] prior criminal conduct.

The court also found a criminal history category of V sufficiently accounted for Williams' previous crimes. The court stated in this instance, "the [G]uidelines . . . do not produce a just and reasonable result." It found the difference between sentences within the Guidelines range with the enhancement and without the enhancement was too disparate to ignore. Specifically, a base offense level of 23 (26 minus 3 points for acceptance of responsibility) with a criminal history category of V resulted in a Guidelines range of 84 to 105 months' imprisonment without the enhancement, while a base offense level of 31 (34 minus 3 points for acceptance of responsibility) with a criminal history category of VI resulted in a Guidelines range of 188 to 235 months' imprisonment with the enhancement. The court pointed out its own sentencing record post-*Booker*, noting it rarely ventured to impose a sentence outside the Guidelines, but it could not "in good conscience" sentence Williams to 188 months' imprisonment because it was unreasonable. The

court sentenced Williams to 90 months' imprisonment and 4 years' supervised release.

## II.  STANDARD OF REVIEW

"'The district court's interpretation of the [S]entencing [G]uidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous.'"  *United States v. Jordi*, 418 F.3d 1212, 1214 (11th Cir. 2005) (citations omitted).  Under *Booker*, we review a defendant's ultimate sentence for reasonableness.  *See Booker*, 543 U.S. at ___, 125 S. Ct. at 765–66.

## III.  DISCUSSION

Before deciding whether a sentence is reasonable, we first determine whether the district court correctly interpreted and applied the Guidelines to calculate the appropriate advisory Guidelines range.  *See United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005) (noting "the district court remains obliged to 'consult' and 'take into account' the Guidelines in sentencing").  "After it has made this calculation, the district court may impose a more severe or more lenient sentence as long as the sentence is reasonable."  *Id.* at 1179.

We are required "to determine whether the sentence imposed by the district court was reasonable in the context of the factors outlined in [18 U.S.C. § 3553(a)]."  *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005).

6

"'Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable.'" *Id.* (quoting *Booker*, 543 U.S. at __, 125 S. Ct. at 766). "These factors include the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." *Id.* Further, a laundry list of § 3553(a) factors is not required because "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

A. *Application of Guidelines*

The Government asserts the district court effectively ignored this Court's holding in *Gilbert* by declining to impose a career offender enhancement under U.S.S.G. § 4B1.1. The Government contends the refusal to follow *Gilbert* exceeded the district court's discretion.

In *Gilbert*, we held "carrying a concealed weapon in violation of Florida law is a 'crime of violence' under U.S.S.G. § 4B1.2(1)," requiring application of the

career offender enhancement. 138 F.3d at 1372. We extended the reasoning of *United States v. Hall*, 77 F.3d 398, 401 (11th Cir. 1996), which held carrying a concealed weapon creates a "serious potential risk of physical injury" and qualifies as a "violent felony" under the federal armed career criminal statute, 18 U.S.C. § 924(e). *Gilbert*, 138 F.3d at 1372 ("Because the definitions of 'violent felony' and 'crime of violence' are in this respect identical, *Hall*'s conclusion applies equally to the question at hand here.").

The court correctly found the resulting Guidelines range for a base offense level of 31 (the 34 career offender level minus 3 points for acceptance of responsibility) and a mandatory criminal history category of VI is 188 to 235 months' imprisonment. The court specifically acknowledged that under our precedent in *Gilbert*, Williams qualified for the § 4B1.1 career offender enhancement and applied that enhancement. Having correctly calculated the advisory Guidelines range, including the career offender enhancement, the court was then able to sentence Williams outside the applicable range, if the final sentence was reasonable. *See Crawford*, 407 F.3d at 1179. The Government's assertion the district court effectively ignored *Gilbert* by not applying the career offender enhancement is without merit.

B.  *Reasonableness*

The Government contends Williams' final sentence of 90 months' imprisonment is less than half the lowest sentence within the applicable Guidelines range of 188 to 235 months' imprisonment and is, therefore, unreasonable.  The Government further asserts the district court merely "incanted" the § 3553(a) sentencing factors and chose to ignore them, rather than allow the provisions to limit and inform its discretion.[2]

Determining whether a sentence is reasonable is not a new analysis for this Court.  We have reviewed sentences for reasonableness in the context of departures from the Guidelines range before *Booker* was decided.  *See e.g., United States v. Melvin*, 187 F.3d 1316, 1322–23 (11th Cir. 1999) (noting in determining whether the amount of the departure is reasonable we must review for reasonableness in light of the factors in § 3553(a) and the reasons given by the district court); *United States v. Nilsen*, 967 F.2d 539, 546 (11th Cir. 1992) (same); *United States v. Valle*, 929 F.2d 629, 633 (11th Cir. 1991) (same); *United States v. Weaver*, 920 F.2d

---

[2]  The Government also contends Williams' sentence cannot be justified as a downward departure on the ground the career offender enhancement overrepresented Williams' criminal history because Williams never moved for a downward departure on that basis, and that a departure for overrepresentation of criminal history is limited to one criminal history category. These contentions are without merit.  The district court's sentence does not have to be justified as a downward departure.  After *Booker*, the sentencing Guidelines are advisory, and the sentencing court, in its own discretion, can move below the advisory Guidelines range without a motion for downward departure as long as the resulting sentence is reasonable.

1570, 1573 (11th Cir. 1991) ( "[T]he direction and degree of the departure must . . . be measured by a standard of reasonableness. In this vein, we must be mindful of the factors to be considered in imposing a sentence, as set forth in [18 U.S.C. § 3553(a)], and evaluate these in light of the reasons for the imposition of the particular sentence as stated by the district court.") (internal quotations, footnote, and citations omitted). The principles established from these cases are that when reviewing for reasonableness we must consider both the § 3553(a) factors and the reasons given by the district court.

Applying these same principles here, the district court's statements over the course of the sentencing hearing show it weighed the factors in § 3553 and took into account Williams' individual history and the nature of the charge against him when it determined to sentence him to a lower term. The court concluded its final sentence of 90 months' imprisonment was "sufficient, but not greater than necessary" to punish, deter, and rehabilitate Williams. *See* 18 U.S.C. § 3553(a). The court repeatedly stated it thought a sentence of 188 months was unreasonable for a crime involving the sale of only $350 of crack cocaine. *See id.* § 3553(a)(2)(A) (stating the court shall consider "the need for the sentence imposed—to reflect the seriousness of the offense . . . and to provide just punishment for the offense"). The court stated that normally sentencing would be

within the Guidelines range because the advisory range usually reflected the policies encapsulated in § 3553(a). However, the court found the disparity of as much as 151 months between the low end of the unenhanced range and the high end of the enhanced range was problematic. *See id.* § 3553(a)(3) (stating the court shall consider "the kinds of sentences available").

Section 3553(a)(1) states the court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." Here, the court stated a criminal history category of V, which it characterized as a "pretty high level," adequately accounted for Williams' past crimes.[3] The court disagreed with a "mechanistic application" of the Guidelines in Williams' case. *See id.* § 3553(a)(2), (3). Moreover, the court noted giving Williams a longer sentence would not promote respect for the law. *See id.* § 3553(a)(2). Additionally, Williams' final sentence is 2½ years longer than the 5-year mandatory statutory minimum and nearly 1/5 of the 40-year statutory maximum. *See* 21 U.S.C. § 841(b)(1)(B)(iii); *Winingear*, 422 F.3d at 1246 (holding a sentence 1/10 the length of the 20-year statutory maximum sentence was reasonable).

This is not a case where the district court imposed a non-Guidelines sentence based solely on its disagreement with the Guidelines. In this case, the district court

---

[3] The uncontroverted evidence in the PSI is that Williams was convicted of carrying a concealed firearm when he was found with a handgun "at his feet."

correctly calculated the Guidelines range and gave specific, valid reasons for sentencing lower than the advisory range. Applying the principles of review in light of the § 3553(a) factors and the reasons given by the district court, the 90-month sentence imposed was reasonable.

## IV. CONCLUSION

The district court correctly calculated the advisory Guidelines range, including the enhancement. The district court also considered the factors of 18 U.S.C. § 3553 and the specific facts surrounding the instant case, and then decided to impose a sentence lower than the advisory range. The district court did not act unreasonably when it sentenced Williams to a term lower than the advisory Guidelines range. We conclude Williams' sentence is reasonable and affirm his sentence.

**AFFIRMED.**