[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2006
THOMAS K. KAHN
CLERK

No. 06-10675
Non-Argument Calendar

_____

D. C. Docket No. 04-60192-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

EDWARD MELVIN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 25, 2006)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

The government appeals Edward Melvin's 33 month sentence for

distribution and possession with intent to distribute cocaine base within 1,000 feet of a school. Although the government presented uncontested evidence that the quantity of drugs in question weighed more than five grams, the district court ruled that, because the government failed to list an amount in the indictment and because the defendant did not admit to any amount of drugs, it was bound to sentence Melvin at the lowest base offense level for cocaine base. Because the district court should have considered the government's evidence, we VACATE and REMAND for resentencing.

## I. BACKGROUND

A federal grand jury returned a three-count indictment against Melvin, charging him with knowingly and intentionally distributing and possessing with intent to distribute a controlled substance, cocaine base, commonly known as "crack cocaine," within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 860. Although the indictment stated that the controlled substance contained a "detectable amount of cocaine base," it did not give a specific quantity. R1-3 at 1. Melvin pled guilty to all three counts.

During the plea colloquy, the government proffered evidence indicating that Melvin had sold crack cocaine to a confidential source of the Drug Enforcement

2

Administration on three different occasions. The government further stated the weight of crack cocaine the confidential source obtained at each sale. When asked whether he agreed with the facts presented by the government, Melvin responded that he was unwilling to make any admissions with regard to the drug quantity. The government agreed to accept the plea without an admission as to quantity. Melvin then stated that he reserved the right to request a re-weigh in order to maintain his option of challenging the quantity of crack cocaine stated by the government.

Prior to sentencing, a probation officer prepared a presentence investigation report, setting Melvin's base level offense at 28 based, pursuant to U.S.S.G. § 2D1.2 (2004), on the probation officer's determination that Melvin had sold more than 5 grams, but less than 20 grams, of crack cocaine within 1,000 feet of a protected area. The PSI also recommended a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. With a total offense level of 25, and a criminal history category of V, Melvin's resulting guideline range was 100 to 125 months imprisonment.

Melvin was initially sentenced to 100 months imprisonment, but an appeal was taken, and we vacated that initial sentence and remanded for resentencing in light of Booker. At resentencing, Melvin argued for a base offense level of 12, the

3

lowest offense level for an offense involving cocaine base, because the drug quantity set forth by the government was not admitted by Melvin nor proven to a jury. The following exchange then took place between the district court and the government:

| | |
|---|---|
| Court: | [W]e have no admission. It's not charged in the indictment. I'm bound by the indictment, aren't I? |
| Government: | Well, if I understand the Court to say "that I am bound by the indictment" to say that the detectable amount of drugs is less than 250 milligrams, I disagree with that. |
| Court: | How would I make that finding given Booker and Blak[el]y and the defendant having failed to admit that amount? |
| Government: | I think the Court, as it could find by any enhancement post Booker by a preponderance of the evidence in determining the advisory guideline range the weight of the drugs here. . . . The weight of the drugs or any other factor, the Court looks to the facts of the case and determines by a preponderance of the evidence what it can conclude. I don't think there has ever really been any dispute in this case that the weight of the drugs is 5.63[grams]. |
| Court: | I think that there has, because the defendant even refused to admit that amount at his plea colloquy. |
| Government: | . . . I don't think there is any dispute that the lab reports would reflect the weight of the drugs sold by the defendant, which he admitted to selling 5.63 grams. I understand he took the legal position of not admitting the weight of the drugs for purposes of error under Booker, but I am not here suggesting to the Court that they have evidence of alternative reweighing under those lines. |

4

R3 at 3–4.  Melvin argued that even if the government submitted a lab report, the

report would be insufficient to establish the drug amount because he would object

to the amount.  Melvin then reminded the district court that the court had indicated

at the initial sentencing that Melvin's guideline range was too high.  The court

responded that "I thought I had no ability to depart from what I thought that the

language was at that time because we all thought of the mandatory nature of the

guidelines."  Id. at 6.  The district court then stated:

> I believe last summer, at least for me, we were all trying to navigate
> the kind of rough waters of Booker, Blak[el]y, and Reese.  I believe,
> and there are certain of these resentences that I have done and the
> sentences remain[] the same.  But in this case I believe there are some
> adjustments that need to be made given the way that the indictment in
> this case was written.

Id. at 7.

Before sentencing Melvin, the district court stated:

> I do want to say something.  I know I spoke in terms of the guidelines
> at that time, because I did believe that, given this quantity, it did
> adversely affect this defendant as to the amount of time that he was
> going to be incarcerated.  I do want to say that I believe that this
> defendant deserves an incarcerated sentence.  With a criminal history
> of five, he hasn't learned his lesson.
>     I am not discounting totally the efforts that he has made while
> he has been incarcerated this time.  Maybe this one will stick.  At a
> criminal history of five, your client is no babe in the woods, Mr.
> Lautenbach.

Id. at 8.   The court then sentenced Melvin to 33 months imprisonment, and the

government appealed.

On appeal, the government argues that the district court erred by ruling that the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), precluded the court from making factual determinations in computing the advisory U.S. Sentencing Guideline range when the indictment did not include those facts and Melvin did not admit to them. The government also contends that the district court's misinterpretation of Booker caused it to misconstrue the scope of our mandate to resentence Melvin under an advisory guideline scheme because the district court modified the advisory guideline range where it should have, under our post-Booker precedent, calculated the advisory range in exactly the same manner that it would have calculated the range under a mandatory scheme. As a result, the government argues, the district court failed to properly consult the guidelines.

> The government may appeal
>
> an otherwise final sentence if the sentence -- (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is less than the sentence specified in the applicable guideline range . . . or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(b). We have continued to consider government appeals of a defendant's sentence following Booker. See, e.g., United States v. Williams, 435

F.3d 1350, 1351 (11th Cir. 2006) (per curiam).

## II. DISCUSSION

We review the district court's application of the guidelines de novo. United States v. Patti, 337 F.3d 1317, 1323 (11th Cir. 2003). "A sentencing court under Booker still must consider the Guidelines, and, such consideration necessarily requires the sentencing court to calculate the Guidelines sentencing range in the same manner as before Booker." United States v. Crawford, 407 F.3d 1174, 1178–79 (11th Cir. 2005) (citation omitted). "Extra-verdict enhancements are to be determined and used in the post-Booker world." United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir.), cert. denied, ___ U.S. ___, 125 S. Ct. 2935 (2005).[1]

Because the district court mistakenly concluded that, after Booker, it could not calculate the guideline range using a drug quantity neither included in the indictment nor admitted to by Melvin, the district court incorrectly applied the

---

[1] Although Melvin has argued that we may not hear an appeal when the result might be an increased penalty on resentencing, he has provided no authority supporting his contention that Double Jeopardy Clause precludes our consideration of a government appeal of a defendant's sentence in a post-Booker world. Further, we have continued to consider such appeals following Booker. Here, the government argues that the district court incorrectly computed the guideline range, an argument supported by case law, see Rodriguez, 398 F.3d at 1301, and specifically allowed by 18 U.S.C. § 3742(b)(2). Thus, Melvin's argument that we are barred from considering the government's appeal is without merit.

guidelines. The district court's obligation was to calculate correctly the Guidelines range, which in turn required it to determine the drug quantity under a preponderance of the evidence standard. See United States v. Chau, 426 F.3d 1318, 1324 (11th Cir. 2005) (per curiam) (holding that correct calculation requires the district court to consider facts that go beyond a defendant's admissions). Thus, we vacate and remand for resentencing consistent with this opinion.

## III. CONCLUSION

The government has appealed Edward Melvin's 33 month sentence for distribution and possession with intent to distribute cocaine base within 1,000 feet of a school. The district court should have considered the government's evidence that the quantity of drugs in question weighed more than five grams. Because the district court erred, we **VACATE** and **REMAND** for resentencing.