[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15078

_____

D. C. Docket No. 04-00610-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOB ALLEN LOCUSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 13, 2006)**

Before BLACK and HULL, Circuit Judges, and RYSKAMP,[*] District Judge.

PER CURIAM:

---

[*]Honorable Kenneth L. Ryskamp, United States District Judge for the Southern District of Florida, sitting by designation.

Bob Allen Locuson appeals his 97-month sentence imposed after he pled guilty to conspiracy to possess with intent to distribute marijuana. He also challenges the district court's denial of a motion for continuance and motion for a writ of *habeas corpus ad testificandum* at his sentencing hearing.

We have reviewed the record and determined that the district court did not abuse its discretion in refusing to continue sentencing or in denying the petition for writ of *habeas corpus ad testificandum*.

The district court accepted Locuson's plea and adjudicated him guilty of the lesser included offense of 21 U.S.C. § 841(b)(1)(D), for which the statutory maximum is 60 months, rather than the charge in the superseding indictment of 21 U.S.C. § 841(b)(1)(A). There was confusion at the sentencing hearing and the district court sentenced Locuson under § 841(b)(1)(C) to 97 months' imprisonment. The Government concedes and we agree that Locuson's sentence exceeds the statutory maximum authorized under § 841(b)(1)(D).[1]

We vacate Locuson's sentence and remand for the district court (1) to amend the judgment to reflect Locuson's plea to § 841(b)(1)(D) and (2) to resentence Locuson in accordance with the statutory maximum of 60 months

---

[1]Defense counsel did not object at the sentencing hearing and the Government did not point out to the district court that defendant pled to the lesser included offense of § 841(b)(1)(D) instead of (C).

2

considering the Guidelines advisory range[2] and the sentencing factors in 18 U.S.C.

§ 3553(a). *See United States v. Williams*, 435 F.3d 1350, 1355 (11th Cir. 2006).[3]

**VACATED AND REMANDED IN PART, AFFIRMED IN PART.**

---

[2]We have determined the district court correctly calculated Locuson's Guidelines range of 78-97 months for a level 28 offense and need not recalculate the Guidelines range at resentencing.

[3]We do not mean to suggest by our holding that the district court must impose any particular sentence on remand. Rather, we merely hold the district court sentenced Locuson in excess of the statutory maximum for the crime to which he pled. We also do not attempt to decide now whether a particular sentence might be reasonable in this case.