[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13466
Non-Argument Calendar

_____

D. C. Docket No. 05-00129-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR MANUEL LEMOS VASQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 9, 2007)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

On December 5, 2005, the U.S. Coast Guard boarded a fishing vessel in the

Pacific Ocean, 175 miles southwest of Costa Rica, and seized 3500 pounds of cocaine that were hidden in a false compartment on the vessel. The captain and four others, including appellant, who served as the vessel's crew, were aboard.[1]

On December 14, 2005, a Middle District of Florida grand jury returned a two-count indictment against appellant and the others aboard the vessel charging them, in Count One, with possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 Appendix, U.S.C. §§ 1903(a), 1903(g), and 21 U.S.C. § 960(b)(1)(B)(ii), and, in Count Two, with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, 46 Appendix, U.S.C. §§ 1903(a), 1903(g), 1903(j), and 21 U.S.C. § 960(b)(1)(B)(ii). On March 16, 2006, appellant, having entered into a plea agreement with the Government, plead guilty to both counts, and on June 12, 2006, the district court sentenced him to concurrent prison terms of 135 months. He now appeals his sentences, contending that, in determining the sentence range under the Sentencing Guidelines, the district court erred in refusing to reduce his offense level by two levels pursuant to U.S.S.G. § 3B1.2(b).

The Sentencing Guidelines provide for a downward adjustment of the

---

[1] Appellant was to be paid $4000, $2000 of which he had already received, for assisting in the transportation of the cocaine.

2

offense level "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n.3) (2005). A defendant is granted a two-level adjustment as a minor participant if he "is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5) (2005). A defendant bears the burden of proving a mitigating role in the offense, by a preponderance of the evidence. Id. at 939. We have instructed that the district court first "measure[s] the defendant's role against the relevant conduct for which [ ]he was held accountable at sentencing," then, if that is not dispositive, "the district court may also measure the defendant's role against the other participants . . . in that relevant conduct." Id. at 945. The defendant's status as a drug courier does not alter this analysis. Id. at 942-43. The amount of drugs is "a material consideration in assessing a defendant's role in [his] relevant conduct," and "the Guidelines explicitly recognize that amount of drugs may be determinative in the context of minimal participants." Id. at 943.

Appellant failed to satisfy his burden of showing that he played a less significant of a role in trafficking the cocaine than at least the two other crew members who were indicted as codefendants. Thus, as a crew member on the vessel, his role in transporting the drugs was indistinguishable from two of his

3

codefendants' roles, and he cannot be said to be any less culpable. Therefore, the district court did not clearly err by refusing to reduce his offense level under § 3B1.1(2)b).

Appellant contends that his sentences are unreasonable because the court miscalculated the sentence range under the Guidelines. We find no error in the court's calculation. And we find nothing in the record to support his claim that his sentences are unreasonable. Whether a sentence is unreasonable turns on the court's consideration of the purposes of sentencing that are spelled out in 18 U.S.C. § 3553(a). United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). The record discloses that the court properly considered those purposes in fashioning appellant's sentences.

**AFFIRMED.**