[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11718
Non-Argument Calendar

_____

D. C. Docket No. 06-00338-CR-JTC-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN CRUZ CALIX,
a.k.a. Marvin Rosa Aguilar,
a.k.a. Marvin Aguilar Cruz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 22, 2008)**

Before TJOFLAT, BIRCH  and BLACK, Circuit Judges.

PER CURIAM:

Marvin Cruz-Calix appeals, as unreasonable, the 46-month sentence imposed after he pled guilty to illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a) and (b). We AFFIRM.

## I. BACKGROUND

Cruz-Calix, a citizen of Honduras, was indicted for illegal reentry into the United States in August 2006. He had been previously removed six times between November 1997 and August 2004, and he had not obtained the permission of the United States before reentering. Additionally, Cruz-Calix had been previously convicted of transportation and sale of cocaine.

In calculating the guidelines sentencing range, the probation office identified Cruz-Calix's base offense level as eight, and then applied a specific offense characteristic increase of 12, due to the previous drug trafficking offense. See U.S.S.G. §§ 2L1.2(a), (b)(1)(B) (2006). A two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), resulted in an adjusted base offense level of 18. The probation officer calculated Cruz-Calix's criminal history category as IV based on seven criminal history points. This gave Cruz-Calix a guideline range of 41-51 months. Under the statute, the maximum term of imprisonment is 20 years. 8 U.S.C. § 1326(b)(2).

At sentencing, the district court granted the government's motion for an additional one-point reduction for Cruz-Calix's acceptance of responsibility. The court then recalculated Cruz-Calix's base offense level as 17 and then otherwise followed the calculations set out by the probation office, arriving at a guidelines range of 37-46 months. The court then heard the argument of counsel for Cruz-Calix that the court should impose a sentence at the low end of the guidelines range because of Cruz-Calix's characteristics and history. Specifically, counsel argued that the early death of Cruz-Calix's father and general economic circumstances in Honduras had led Cruz-Calix to leave school after the fourth grade and begin to come to the United States because working in the United States was the only way that Cruz-Calix could support his family.

The district court responded by asking about Cruz-Calix's several prior removals and observing that Cruz-Calix would not be able to "return every successive year as he has for several years in the past if he receive[d] a larger or a higher sentence." R3 at 7. Then, Cruz-Calix made a statement to the court, in which he asked "the United States for forgiveness." Id. He also told the court that poverty in Honduras rendered him unable to provide for his family, and that coming to the United States was the only way that he could support them. He asked the court to let his sentence reflect that reality. The court then heard the

government's argument that Cruz-Calix should receive a sentence at the high end of the range because he had been deported six times prior to the instant case, and therefore needed to be more strongly deterred from future illegal reentry.

After these arguments, the district court stated that it had considered the facts in the presentence investigation report prepared by the probation office, the arguments of counsel on both sides, and the statement by Cruz-Calix. The court did not expressly mention the sentencing factors in 18 U.S.C. § 3553(a) or state that it had considered § 3553(a) in fashioning its sentence. Ultimately, the court sentenced Cruz-Calix to 46 months in prison, which was the top end of the guidelines range.

On appeal, Cruz-Calix argues that the sentence is procedurally unreasonable because the district court did not adequately consider the § 3553(a) factors, and that the sentence is substantively unreasonable because based on his history and characteristics, he should have received a lower sentence.

## II. DISCUSSION

Pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. 738, 765 (2005), we review a district court's sentence, imposed after consulting the Guidelines and considering the factors set forth at § 3553(a), for reasonableness. United States v. Williams, 435 F.3d 1350, 1353 (11th

4

Cir. 2006) (per curiam). This reasonableness review is "deferential" and focuses on whether the sentence imposed fails to achieve the purposes of sentencing as stated in § 3553(a). United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; (7) and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1)-(7).

Unreasonableness may be procedural or substantive. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). A sentence may be procedurally unreasonable if "it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence." Id. Moreover, a sentence may be procedurally unreasonable if the district court failed to consider the relevant § 3553(a) factors. See Talley, 431 F.3d at 786. "[A] sentence may be

5

substantively unreasonable, regardless of the procedure used." Hunt, 459 F.3d at 1182 n.3.

A. Procedural Reasonableness

The district court need not discuss each § 3553(a) factor and need not state on the record that it has explicitly considered each factor. Talley, 431 F.3d at 786. Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Id. In a case, such as this one, involving a within-Guidelines sentence, a district judge's decision

> simply to apply the Guidelines to a particular case . . . will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical.

Rita v. United States, 551 U.S.___, 127 S.Ct. 2456, 2468 (2007). Accordingly, when a sentencing court fails explicitly to mention the § 3553(a) factors, we look to the record to see if the district court did, in fact, consider factors relevant to § 3553(a) when imposing the sentence. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir.), cert. denied, _ U.S. _, 128 S. Ct. 427 (2007) (holding that, although the district court had not explicitly stated that it had considered the § 3553(a) factors, it was clear from the court's consideration of the objections to

6

the PSI and a motion for downward departure that it had indeed considered those factors).

Here, the district court failed explicitly to articulate that it had considered the § 3553(a) factors. However, by virtue of the court's consideration of the presentence investigation report, Cruz-Calix's argument, the government's argument, and Cruz-Calix's statement to the court, the sentencing court did, in fact, consider a number of the § 3553(a) factors. See Dorman, 488 F.3d at 944.[1] First , the district court stated that it had considered the numerous times that Cruz-Calix had reentered the United States, and counsel for Cruz-Calix discussed Cruz-Calix's personal characteristics and history, all of which illustrates that the court considered the nature of the offense and Cruz-Calix's history and characteristics as required by § 3553(a)(1). Second, the court's statement that a longer sentence would prevent Cruz-Calix from reentering the United States again soon, illustrates that the court considered Cruz-Calix's history and the need for a sentence that would both sufficiently punish and deter him from repeating the crime as required by § 3553(a)(2), (3). Finally, the district court's acknowledgment that it has considered the PSI, the arguments of the parties, and the Guidelines range

---

[1]Although we have conceded that a district court need not explicitly discuss each factor in 18 U.S.C. 3553(a), some direct mention of the statute, or of key phrases thereof, greatly assists in appellate review of sentencing.

illustrates that the court considered the types of sentences available as required by § 3553(a)(3). For these reasons, we conclude that the district court properly considered the § 3553(a) factors. Thus, Cruz-Calix's argument that his sentence is procedurally unreasonable fails.

## B. Substantive Reasonableness

The burden of proving that the sentence is unreasonable in light of the record and the § 3553(a) factors rests on the challenger. Talley, 431 F.3d at 788. When reviewing a sentence for reasonableness, "we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quoting United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), abrogated on other grounds, Kimbrough v. United States, _ U.S._, _ S. Ct. _, 2007 WL 4292040 (Dec. 10, 2007)). When considering whether a defendant's sentence is reasonable, we have compared the sentence actually imposed to the statutory maximum in the reasonableness review process. See United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (per curiam). We noted in United States v. Campbell, 491 F.3d 1306, 1313-14 (2007), that

[w]e do not in this circuit presume reasonable a sentence within the properly calculated Guidelines range. See United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir. 2006). Recently, however, the U.S. Supreme Court upheld other circuits' decisions affording such a presumption, noting that a sentence, independently calculated by the district court in accordance with Booker, that falls within the properly calculated Guidelines range "significantly increases the likelihood that the sentence is a reasonable one." Rita, 551 U.S.___, [127 S.Ct. at 2462-63].

Id.

To the extent that Cruz-Calix argues that the district court failed to give weight to the particular factors he asserted in support of a lower sentence, such as his personal circumstances, that decision is within the district court's discretion. See Williams, 435 F.3d at 1354-55. Cruz-Calix's 46-month (3 years 10 months) sentence was within the Guideline range and amounts to less than one-fifth the possible statutory maximum of 20 years in prison. Accordingly, based on this record, we find that Cruz-Calix has not met the burden of establishing that his sentence is substantively unreasonable.

### III. CONCLUSION

Cruz-Calix appeals his 46-month sentence for illegal reentry of a removed alien. Because the record reflects that the district court considered all of Cruz-Calix's arguments, as well as those of the government, and thus considered the

9

factors outlined by § 3553(a), we find that the sentence it imposed was both procedurally and substantively reasonable.  Accordingly, we **AFFIRM**.


      **AFFIRMED.**