[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 29, 2008
THOMAS K. KAHN
CLERK

No. 07-14020
Non-Argument Calendar

_____

D. C. Docket No. 06-00267-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD LEE CARLTON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(May 29, 2008)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Donald Lee Carlton, Jr., appeals the district court's imposition of a high-end

guideline-range sentence as substantively unreasonable. On appeal, Carlton argues that the district court gave no weight to his arguments that he is different from the typical criminal history category VI offender, level VI over-represented his criminal history, and the government unreasonably waited over two years before prosecuting him. Therefore, he argues he would be better classified as a level V offender and should have received a smaller sentence.

We review a final sentence imposed by a district court for reasonableness. United States v. Agbai, 497 F.3d 1226, 1229 (11th Cir. 2007). The reasonableness of a final sentence is reviewed under an abuse of discretion standard. Gall v. United States, __U.S. __, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006).

The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. Gall, 128 S.Ct. at 597. It has suggested that review for substantive reasonableness under this standard involves an inquiry into

2

whether the factors in 18 U.S.C. § 3553(a) support the sentence in question. Id. at 600. We do not presume reasonable a sentence within the properly calculated Guidelines range. United States v. Campbell, 491 F.3d 1306, 1313 (11th Cir. 2007). Nonetheless, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We have recognized that "there is a range of reasonable sentences from which the district court may choose," and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id.

When reviewing the reasonableness of a sentence, we must consider the factors outlined in § 3553(a) and the district court's reasons for imposing the particular sentence. United States v. Williams, 435 F.3d 1350, 1355 (11th Cir. 2006). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing

3

Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to the victims. See 18 U.S.C. § 3553(a)(1)-(7).

While the district court must consider the § 3553(a) factors in imposing the sentence, it is not required to discuss each factor. Talley, 431 F.3d at 786. Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Id. Where the court imposes a within-guidelines sentence, the district court need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. ___, 127 S.Ct. 2456, 2468-69, 168 L.Ed.2d 203 (2007). Further, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted).

Here, the district court imposed a procedurally reasonable sentence because it correctly calculated the guideline range, it considered the statutory factors, and it noted that it had considered the arguments of the parties. It also sufficiently explained its reasoning, noting that several of Carlton's offenses involved violence and that he began committing crimes at a young age.

4

The court also imposed a substantively reasonable sentence. It cited Carlton's criminal history as the major reason it felt a high-end guideline range sentence was appropriate, and the weight the court attributed to Carlton's criminal history was at its discretion. Because the district court considered the appropriate factors and appropriately exercised its discretion, it imposed a reasonable sentence. Accordingly, we affirm.

**AFFIRMED.**