[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

No. 08-15021
Non-Argument Calendar
_____

D. C. Docket No. 08-60071-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CYRUS VANCE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2009)

Before CARNES, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Cyrus Vance challenges his 188-month sentence for possession with intent

to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). Vance contends that his sentence was substantively unreasonable under the factors provided in 18 U.S.C. § 3553(a).

We review the reasonableness of sentences imposed by the district court only for abuse of discretion. See United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. 738, 765–66; United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Vance was sentenced at the low end of his guideline range. Although we do not presume a sentence within the guideline range to be reasonable, we expect that it ordinarily will be. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). Still, Vance's argues that he was entitled to a downward variance by analogizing his case to United States v. Williams, 435 F.3d 1350 (11th Cir. 2006), where we affirmed the district court decision to vary downward from the guideline range for a defendant convicted of a crack cocaine offense. Like Vance, the defendant's sentence in Williams was subject to a career offender enhancement. We are unconvinced by Vance's argument. Just because it was reasonable for the district court to vary downward in the Williams case does not mean that it was required to

vary downward in this case. The record reflects that the district court considered the Williams case but ultimately concluded that Vance's case did not warrant a similar downward variance because of Vance's more substantial criminal record and the amount of crack cocaine involved in Vance's case .

Vance also argues that his sentence was unreasonable because of the disparity between powder and crack cocaine sentences and the disproportionate impact that disparity has on minorities. Although those arguments may have been sufficient to justify a downward variance by the district court, they are insufficient to require such a variance. The district court properly considered all of the § 3553(a) factors when determining Vance's sentence. We are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and quotation omitted). Vance's within-guidelines sentence was reasonable.

**AFFIRMED.**