[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15033
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:11-cr-00059-WTM-GRS-1

UNITED STATES OF AMERICA,

                                                                   Plaintiff-Appellee,

versus

SAMUEL ANTONIO GRAHAM,

                                                                   Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 10, 2012)

Before TJOFLAT, CARNES, and FAY, Circuit Judges.

PER CURIAM:

        After Samuel Antonio Graham was arraigned on a charge of possession of

crack cocaine, in violation of 21 U.S.C. § 841(a), he moved the district court to suppress the drugs, which the police had obtained from his apartment pursuant to a search warrant. He argued the warrant was invalid because the affidavit supporting it failed to establish probable cause that linked his apartment with the drug trafficking the affidavit described. The district court referred the motion to suppress to a magistrate judge, who, after an evidentiary hearing, recommended that the district court deny the motion. The district court denied the motion, and Graham pled guilty to the charge, reserving his right to challenge the ruling on appeal. He now appeals the ruling and the sentence he received, a 151 months' prison term.

## I.

The search warrant referred to his address as "1302 Stiles Avenue" and noted that the "target door" was the "second door from the south of the building." The body of the warrant also mentioned an address unrelated to the search of Graham's residence, "1225 Carr Avenue." Graham contends that the warrant failed to specify with sufficient particularity which apartment in a multi-apartment complex was to be searched and that the personal knowledge of the officers (who executed the warrant) as to the apartment to be searched could not remedy an incomplete description of the premises. Graham submits that, because the officer

2

who prepared the warrant knew at the time the warrant was issued that "1302 Stiles Avenue" referred to a multi-apartment complex, the specific apartment number of his residence should have been included in the warrant. Lastly, he says that the warrant was not supported by probable cause because no evidence connected him or criminal activity to his apartment.

We review the denial of a motion to suppress thusly: we examine the district court's findings of fact under the clearly erroneous standard its application of law to those facts *de novo*. *United States v. Ramirez*, 476 F.3d 1231, 1235 (11th Cir. 2007). To be valid, a warrant must be supported by probable cause. U.S. Const. amend. IV (stating that "no Warrants shall issue, but upon probable cause particularly describing the place to be searched . . . ."). "A sufficient basis for probable cause for a search exists when under the totality of the circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Lopez*, 649 F.3d 1222, 1245 (11th Cir. 2011) (quotation and alteration omitted).

"The focus in a warrant application is usually on whether the suspect committed a crime and whether evidence of the crime is to be found at his home or business." *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002) (quotation omitted). Where the application is based in part on information

provided by an informant, the affidavit must demonstrate the informant's veracity and basis of knowledge. But the veracity need not be established where there is sufficient independent corroboration of the informant's information. *Id.*

"An erroneous description of premises to be searched does not necessarily render a warrant invalid. The Fourth Amendment requires only that the search warrant describe the premises in such a way that the searching officer may with reasonable effort ascertain and identify the place intended." *United States v. Burke*, 784 F.2d 1090, 1092 (11th Cir. 1986) (quotations omitted). A warrant's description of the premises to be searched "is not required to meet technical requirements or have the specificity sought by conveyancers. The warrant need only describe the place to be searched with sufficient particularity to direct the searcher, to confine his examination to the place described, and to advise those being searched of his authority." *Id.* The Fourth Amendment requires particularity in the warrant, and a supporting affidavit cannot save a facially defective warrant. *United States v. Pratt*, 438 F.3d 1264, 1269-70 (11th Cir. 2006). However, in *Burke*, we upheld the validity of a warrant that included an incorrect address of the premises to be searched because the warrant also included a correct physical description of the premises and officers executing the warrant knew the correct location to be searched based on prior knowledge. 784 F.2d at

1091-93 (noting that, although the officer who knew precisely which premises were to be searched did not execute the warrant, he pointed out the correct apartment to the executing officer before the search); *see also United States v. Weinstein*, 762 F.2d 1522, 1532-33 (11th Cir. 1985) (holding that two warrants were not invalid, despite designating the wrong corner of a building to be searched, because the officers knew the correct location to be searched).

Although the search warrant erroneously mentioned the address "1225 Carr Avenue," and did not refer to Graham's apartment by its specific number, the warrant still identified his apartment with sufficient particularity to satisfy the Fourth Amendment in light of the inclusion in the warrant of the correct street address to be searched and an accurate description of the residence. Further, the executing officers' personal knowledge of the residence to be searched cured any remaining ambiguity in the warrant. Finally, probable cause existed to search Graham's based on (1) the confidential informant's statements to law enforcement that he had purchased cocaine in the past from someone at Graham's residence and (2) the officers' observance of a controlled buy between the confidential informant and an occupant of Graham's apartment.

## II.

Graham argues that the warrant failed to pass Fourth Amendment muster

because the affidavit supporting it contained statements which the affiant, a police officer, knew were false. He submits that this became clear at the suppression hearing; the officer prepared the affidavit by cutting and pasting information from a prior affidavit, which was unrelated to Graham's case, without changing the material information. In addition, the affidavit stated that law enforcement observed a controlled buy between the confidential informant and an occupant of Graham's apartment, and that, after the buy was completed, the informant told law enforcement that he had purchased cocaine from "Twan." In light of this, he submits, the magistrate judge should have granted his request for a hearing under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The Government concedes that the inclusion of "Twan" in the affidavit was a careless error and that the affiant actually meant that the affidavit reflect that the informant told law enforcement that he had purchased cocaine from "Sambo," which is an alias of Graham.

As a general proposition, whether a district court should hold an evidentiary hearing is a discretionary call. *United States v. Kapordelis*, 569 F.3d 1291, 1308 (11th Cir. 2009). We have not stated a precise standard of review the denial of a *Franks* hearing. However, if the more exacting *de novo* standard of review is satisfied, we need not determine the applicable standard. *Id.*

6

Affidavits supporting search warrants are presumptively valid. *Franks*, 438 U.S. at 171, 98 S.Ct. at 2684. The Supreme Court instructs, however, that (1) "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Id.* at 155-56, 98 S.Ct. at 2676. And if, at the hearing, the defendant establishes the allegation of perjury or reckless disregard by a preponderance of the evidence, and "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id.* at 156, 98 S.Ct. at 2676.

As to the first *Franks* prong, the attack on the affidavit supporting the warrant must contain "allegations of deliberate falsehood or of reckless disregard for the truth," specifically pointing out the portion of the warrant affidavit that is claimed to be false. *Id.* at 171, 98 S.Ct. at 2684. The allegations should be supported by an offer of proof via the live testimony of witnesses or affidavits. Conclusory allegations of negligence or innocent mistakes are insufficient. *Id.* As

to the second *Franks* prong, to be entitled to relief, a defendant must show that the misrepresentations or omissions were material, which means that, absent the misrepresentations or omissions, probable cause would have been lacking. *United States v. Novaton*, 271 F.3d 968, 987 (11th Cir. 2001).

The first prong of the *Franks* test was not satisfied here because the evidence was that the errors in the affidavit were not recklessly or intentionally made. Further, even assuming that the first prong of *Franks* is satisfied, when the false statements in the affidavit are removed, the affidavit is still sufficient to support a finding of probable cause. Although the name of the occupant of Graham's apartment who engaged in a controlled buy with the confidential informant was not correct, Graham failed to show that the affiant's statement that a controlled buy took place was false. Thus, we hold that the district court did not err in determining that the errors in the affidavit did not affect the existence of probable cause.

## III.

Graham contends that the district court abused its discretion at sentencing because it believed that it was constrained by the directive of Congress concerning the career offender guideline. He asserts that after *Vazquez v. United States*, __ U.S. ___, 130 S.Ct. 1135, 175 L.Ed.2d 968 (2010), it is entirely proper for

sentencing courts to depart from the career offender guideline based on a disagreement with its policy objectives and that procedural error occurred when the court mistakenly believed it was prohibited from so doing. Graham's point fails. Nothing in the record indicates that the court felt constrained by Congress' directive; hence, *Vazquez* is not implicated here.

The district court was required to impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court also had to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

Where a defendant's criminal record shows that the defendant should be classified as a career offender under U.S.S.G. § 4B1.1, his offense level is driven by the statutory maximum penalty for the offense, rather than the quantity of drugs

he was trafficking.  U.S.S.G. § 4B1.1(b).  And his criminal history category is VI.

*Id.*  Yet, the Guidelines sentence range yielded pursuant to § 4B1.1 is still

advisory.  *See United States v. Williams*, 435 F.3d 1350, 1354-56 (11th Cir. 2006)

(noting, where the district court had applied the career offender guideline, that the

resulting guideline range was advisory, and affirming the imposition of a sentence

outside of the advisory guideline range).

In *United States v. Vazquez*, we held that a district court may not vary from

a defendant's sentence range based on a policy disagreement with § 4B1.1.  558

F.3d 1224, 1228-29 (11th Cir. 2009), *vacated*, 130 S.Ct. 1135 (2010).  The

Supreme Court vacated our decision in *Vazquez* and remanded the case, directing

us to reconsider our decision in light of the position the Solicitor General had

adopted in her brief to the Supreme Court.  130 S.Ct. 1135.  In her brief, the

Solicitor General expressed the Government's view that a district court may

consider a policy disagreement with § 4B1.1 in imposing a defendant's sentence.

Brief for the United States at 14-15, *Vazquez v. United States*, 130 S.Ct. 1135 (No.

09-5370).

Graham's sentence of 151 months' imprisonment was at the low end of the

prescribed sentence range of 151 to 188 months.  The sentence was substantively

reasonable based on the sentencing factors of 18 U.S.C. § 3553(a) factors.  The

court acted well within its discretion in concluding that, in light of Graham's criminal history, a downward variance from the sentence range was not warranted.

AFFIRMED.