[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2007
THOMAS K. KAHN
CLERK

No. 06-12272
Non-Argument Calendar

_____

D. C. Docket No. 03-20778-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO SARDINAS,
a.k.a. Edgar,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 20, 2007)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Eduardo Sardinas appeals his 108-month sentence for conspiracy to possess

with intent to distribute a detectable amount of cocaine, a violation of 21 U.S.C. § 846. On appeal, Sardinas argues that his sentence is unreasonable because the district court failed to articulate sufficiently its reasons for the sentence as required by 18 U.S.C. § 3553(c)(1) to allow the appellate court to ascertain whether the district court properly considered all of the § 3553(a) factors. Specifically, Sardinas asserts that his sentence is unreasonable because the district court did not show how it treated and applied the character evidence introduced.

We have held that "[i]n reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). We have also held that the district court need not state on the record that it has explicitly

considered each factor nor must the court discuss each factor. *Id.* It suffices if the district court acknowledges that it has considered the defendant's arguments and the § 3553(a) factors. *Id.*

Section 3553(c)(1) does, however, require the court to state its reasons for imposing the sentence at the particular point within the Guideline range. 18 U.S.C. § 3553(c)(1). The Supreme Court recently addressed this statutory language in § 3553(c) and held that it "cannot read the statute (or [the Court's] precedent) as insisting upon a full opinion in every case." *Rita v. United States*, No. 06-5754, slip op. at 17 (U.S. June 21, 2007). Instead, the sentencing judge should articulate "enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.*

In determining if the district court has adequately considered the defendant's arguments and the § 3553(a) factors, we look to the district court's statements over the entire sentencing hearing. *See United States v. Williams*, 435 F.3d 1350, 1355 (11th Cir. 2006) (per curiam). The burden of proving that the sentence is unreasonable in light of the record and the § 3553(a) factors rests on the challenger. *Talley*, 431 F.3d at 788. A sentence within the Guidelines range may ordinarily be expected to be reasonable, but it is not reasonable *per se*. *Talley*, 431

F.3d at 787-88.

Upon review of the presentence investigation report and the sentencing transcript, and upon consideration of the briefs of the parties, we discern no reversible error.

Sardinas did not establish that the district court failed to articulate its consideration of the § 3553(a) sentencing factors. In fact, the court explicitly stated, "I am considering the advisory guidelines range, together with the other factors pursuant to 18 United States 3553. I find a sentence at the low end of the guideline range is appropriate. I think it's sufficient to meet those factors." Moreover, at Sardinas's resentencing hearing the district court considered evidence regarding his ambivalence toward the offense, his positive character evidence, and his productive employment while in prison.

The district court also considered Sardinas's criminal history, the amount of cocaine involved, and the seriousness of the offense itself. The court discussed Sardinas's previous "fairly substantial term of imprisonment," along with this offense and concluded, "[w]hile he may be a good person, on two occasions he has brought a substantial amount of drugs into our community. I think that is a threat to our society." Notably, despite the district court's conclusions regarding the seriousness of this offense and Sardinas's criminal history, it considered Sardinas's

4

character evidence and sentenced him on the low end of the Guidelines range, which was 108 to 135 months' imprisonment.

The totality of the district court's statements evidences a thoughtful consideration and analysis of the § 3553(a) factors and provides us with a solid basis on which to review the court's reasons for the sentence imposed. Accordingly, we conclude that the sentence the district court imposed on Sardinas is not unreasonable. His sentence is affirmed.

**AFFIRMED.**