[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14542
Non-Argument Calendar

_____

D. C. Docket No. 05-80092-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK STALLINGS,
a.k.a. Cadillac,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 6, 2007)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Frank Stallings appeals his sentences imposed pursuant to his guilty pleas for conspiracy to possess and possession of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) as being unreasonable. Stallings argues that his below-Guidelines sentence was unreasonable because he received a "patently excessive and unfair" career offender enhancement pursuant to U.S.S.G. § 4B1.1(a), which was based on "stale and remote" predicate offenses and produced an unreasonable sentencing disparity between Stallings and his more culpable codefendants.

We apply the deferential standard of reasonableness to the final sentence, in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006). However, the district court need not explicitly state on the record that it has considered each factor and need not discuss each factor. *Id.* An acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. *Id.*; *see also Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) (noting that the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority"). In determining if the district court has adequately considered the defendant's arguments and the § 3553(a) factors, we look to the district court's statements over the entire sentencing hearing. *See United States v. Williams*, 435

2

F.3d 1350, 1355 (11th Cir. 2006). The burden of proving that the sentence is unreasonable in light of the record and these factors rests on the challenger. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In this case, the district court considered Stallings' arguments at sentencing, stated that it had considered each of the § 3553(a) factors, and imposed sentences below both the statutory maximum and the advisory Guidelines range. Stallings' suggestion that the sentencing disparity between him and his co-defendants renders the district court's sentence unreasonable is insufficient to show unreasonableness because Stallings had a different criminal history than his co-defendants. The differences between his and his co-defendants' criminal histories accounted for their different sentences as contemplated by both the purposes of sentencing embodied in the § 3553(a) factors and the Guidelines calculation itself. Thus, Stallings has failed to meet his burden of establishing that his sentences are unreasonable. Accordingly, we affirm both of Stallings' sentences.

**AFFIRMED.**