[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 14, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-14895
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-00077-CR-TWT-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT MILLS THOMAS, JR.,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------------------------------

**(November 14, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Robert Mills Thomas, Jr. ("Defendant") appeals his sentence of 144 months' imprisonment for using interstate means to attempt to entice and engage in sexual activity with a minor, in violation of 21 U.S.C. §§ 2422(b), 2241(c), and 2423(b). We see no reversible error; we affirm.

In January 2006, Defendant entered an online chat room known to be a forum for discussions about incestuous sexual activity and contacted an undercover federal agent posing as the mother of an eleven year-old girl. Defendant began discussing his sexual interest in the agent's fictitious daughter and offered to teach the daughter how to have sexual intercourse. Defendant agreed to travel from South Carolina to Atlanta to meet the fictitious mother and daughter, promising to bring flowers, a toy, and wine and personal lubricant to make intercourse easier for the daughter. Defendant also expressed an interest in having the child perform oral sex on him.

On the arranged meeting day, federal agents arrested Defendant at an Atlanta-area hotel. A search of Defendant's hotel room yielded a stuffed animal, two bottles of wine, and personal lubricant. During an interview with investigating agents, Defendant admitted that he chatted online with others about mother-daughter sex and viewed child pornography. Over 100 images of child pornography were later discovered in his home office.

Defendant was indicted on three counts: (1) using a facility of interstate commerce to attempt to entice a child to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); (2) crossing state lines with the intent to engage in sexual activity with a child under twelve years of age, in violation of 18 U.S.C. § 2241(c); and (3) traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). Defendant pled guilty to all three counts of the indictment.

At the sentencing hearing, the district court calculated an advisory guidelines range of 135 to 168 months' imprisonment, based on an offense level of 33 and a criminal history category of I. Defendant did not object to the court's calculations of the guidelines range, but requested a below-guidelines sentence. He conceded that he had committed a serious offense but argued that he should receive a lower sentence because he had not actually molested a child. Defendant also argued that his lack of criminal history and obvious remorse mitigated the seriousness of his offense. He further contended that a lower sentence would be reasonable because (1) great disparity exists between the sentences of federal offenders and those prosecuted by state authorities for similar crimes; (2) evidence shows that sex offenders do not have a worse recidivism rate than other criminals; and (3) a long sentence would cause hardship to his young children, one of whom

is autistic. In response, the government pointed out that Congress recently increased the mandatory minimum sentence for a violation of section 2423(b) to thirty years imprisonment and argued that a below-guidelines sentence would be "completely inappropriate" given this indication of the seriousness of Defendant's offense.

The district court concluded that the advisory guidelines range was reasonable and appropriate in this case because of the seriousness of the offense. The court found unpersuasive Defendant's argument that this conduct was a one time, "out of the blue" occurrence and noted that Defendant's possession of child pornography indicated an interest in sexual activity with children, which made him a threat to his community. The court concluded that a mid-guidelines range sentence would take into account the need for punishment and adequate deterrence, the need to protect the public, the seriousness of the crime, and the "tragic effect" of the crime on Defendant's family. The court then announced a sentence of 144 months' imprisonment. Defendant objected to the sentence as unreasonable and now appeals on that ground.

Pursuant to the Supreme Court's instructions in United States v. Booker, 543 U.S. 220, 264-65, 125 S.Ct. 738, 767, 160 L.Ed.2d 621, we review a defendant's ultimate sentence for reasonableness. United States v. Williams, 435

F.3d 1350, 1353 (11th Cir. 2006). This review is "deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both th[e] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Although a sentence within the guidelines range is not per se reasonable, we have noted that we would "ordinarily" expect such a sentence to be reasonable. Id.

Defendant argues that his sentence is substantively unreasonable because, given the evidence before the district court, the section 3553(a) factors warranted a lesser sentence than that imposed. But we have previously indicated that we will not "substitute our judgment in weighing relevant factors." See Williams, 456 F.3d at 1363; see also United States v. Hunt, 459 F.3d 1180, 1185-86 (11th Cir. 2006) (upholding sentence as reasonable where the court expressly acknowledged that it had considered the section 3553(a) factors and "ultimately decided to give considerable weight to the Guidelines in this case"). Thus, we will vacate a sentence only where "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors. . . ." Id. We conclude that no such error exists here.

The record shows that the district court considered Defendant's arguments and ultimately concluded that those arguments were unpersuasive and did not

5

outweigh the seriousness of Defendant's offense and the need to protect the public from such conduct in the future. Defendant argues that the court's personal bias against sexual predators influenced the court to place undue weight on these factors, but we cannot say that the court's reliance on these factors was "a clear error of judgment." As the government pointed out, Congress itself has shown a "bias" against sexual predators of young children by recently increasing the statutory minimum for such crimes to 30 years imprisonment. And the pornographic evidence of Defendant's sexual interest in children supports the court's emphasis on the need to protect the public from future crimes, even in light of Defendant's recidivism evidence.

The district court also specifically determined that, although sentencing disparity between the federal and state systems may be an appropriate consideration in some cases, the need to achieve uniformity within the federal system was more important in this case. Furthermore, the district court did in fact consider <u>and credit</u> Defendant's history and personal characteristics. The district court rejected the government's request for a sentence at the high end of the guidelines range: because of the "tragic effect" on Defendant's family. On this record, we cannot say that the district court clearly erred in weighing the section 3553(a) factors as it did or that Defendant's mid-range sentence is unreasonable.

**AFFIRMED.**