[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13298
Non-Argument Calendar

_____

D. C. Docket No. 06-20083-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAZMIN LAZO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 8, 2007)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Jazmin Lazo appeals the sentence imposed following her guilty plea to one count of re-entering the United States after being deported, in violation of 8 U.S.C. § 1326. Lazo contends her sentence is unreasonable.

We review sentences for reasonableness in light of the factors listed in 18 U.S.C. § 3553(a). *United States v. Booker*, 125 S. Ct. 738, 765-66 (2005). Post-*Booker*, we have established a two-part process for district courts to use in fashioning sentences. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). First, the court must consult and correctly determine the sentence range prescribed by the Sentencing Guidelines. *Id.* Here, the district court correctly calculated Lazo's Guidelines range.

Second, the court must fashion a reasonable sentence by considering the factors enumerated in 18 U.S.C. § 3553(a). *Id.* Included among the factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for deterrence; (5) the need to protect the public; (6) the Sentencing Guidelines range; and (7) the need to avoid unwanted sentencing disparities. 18 U.S.C. § 3553(a).

Lazo's 41-month sentence is at the bottom of the Guidelines range. *See Talley*, 431 F.3d at 787-88 (11th Cir. 2005) (rejecting the notion that a sentence

2

within the Guidelines is *per se* reasonable, but acknowledging "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, [we] ordinarily will expect that choice to be a reasonable one."). In fashioning this sentence, the district court considered the § 3553(a) factors and specifically referenced several of them. Although the district court acknowledged Lazo returned to the United States to see her children and that re-entering the United States is not as serious an offense as others, the court also acknowledged the seriousness of Lazo's criminal history of drug trafficking and her disrespect for the law by failing to appear for deportation. While Lazo argues her sentence is unreasonable in light of her relationship with her daughters, the Sentencing Guidelines policy statement provides that a defendant's "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6. A policy statement issued by the Sentencing Commission is one of the 3553(a) factors the district court must consider. 18 U.S.C. § 3553(a)(5)(A).

Additionally, Lazo's argument that the maximum allowable sentence is set by 18 U.S.C. § 3553(a) and may be below the Guidelines range fails. The "parsimony provision" provides a sentence shall be "sufficient, but not greater than

necessary, to comply with the purposes set forth in [3553(a)(2)]." 18 U.S.C. § 3553(a). However, the maximum allowable sentence is the sentence established by the corresponding criminal statute. *See United States v. Duncan*, 400 F.3d 1297, 1303 (11th Cir. 2005). Lazo's sentence is well under the statutory maximum of 20 years' imprisonment. *See* 8 U.S.C. § 1326(b)(2). It cannot be said that the district court fashioned a sentence that is greater than necessary to comply with the purpose of § 3553(a)(2).

The district court correctly calculated Lazo's Guidelines range, considered the § 3553(a) factors, and arrived at a sentence at the low-end of the advisory Guidelines range. We conclude that Lazo's sentence is reasonable.

**AFFIRMED.**