[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 26, 2007
THOMAS K. KAHN
CLERK

No. 07-12460
Non-Argument Calendar

_____

D. C. Docket No. 07-00001-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN PIZANO-RICO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 26, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Martin Pizano-Rico appeals his within-guideline sentence of 87 months'

incarceration for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, Pizano-Rico argues that his sentence is unreasonable because: (1) the court failed to consider adequately the factors set forth in 18 U.S.C. § 3553(a); (2) the court failed to apply the "parsimony principle" of section 3553(a); and (3) a sentence at or below the low end of the guidelines range would serve as an adequate deterrent, protect the general public, and comport with Congress's intent to punish offenders.

We review a final sentence imposed by a district court for reasonableness. *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007) (per curiam).  When reviewing the reasonableness of a sentence, we must consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence.  *United States v. Williams*, 435 F.3d 1350, 1355 (11th Cir. 2006) (per curiam).  The factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam) (citing 18

U.S.C. § 3553(a)).

When applying these factors to a particular sentence, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and "[w]e will not substitute our judgment in weighing the relevant factors because '[o]ur review is not de novo.'" *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006) (quoting *Talley*, 431 F.3d at 788), *cert. dismissed*, — U.S. —, 127 S. Ct. 3040, — L. Ed. 2d — (2007).

While the district court must consider the § 3553(a) factors, it is not required to discuss each factor. *Talley*, 431 F.3d at 786. Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *Id.* Where the court imposes a within-guidelines sentence, the district court need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, — U.S. —, 127 S. Ct. 2456, 2468, 168 L. Ed. 2d 203 (2007).

Although we do not presume reasonable a sentence that is within the guidelines range, *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007), we have explained that "the use of the Guidelines remains central to the

sentencing process." *Talley*, 431 F.3d at 787. Accordingly, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* at 788. We have recognized that "there is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. *Id.*

At sentencing, the government pointed out that Pizano-Rico had been previously convicted of criminal offenses on seven separate occasions, three of which were felonies. (R. 5-4.) After being deported to Mexico in 2003, Pizano-Rico was discovered in the United States in August 2005, in Gainesville, Georgia, upon his arrest for choking a woman about the neck. (R. 5-5, 4-6.) Due to Pizano-Rico's total offense level of twenty-one and criminal history category of V, the applicable guideline range was 70-87 months.

"The 'parsimony provision' provides a sentence shall be 'sufficient, but not greater than necessary, to comply with the purposes set forth in [3553(a)(2) ].'" *United States v. Lazo*, 227 Fed. Appx. 882, 884 (11th Cir. 2007) (quoting 18 U.S.C. § 3553(a)). In fashioning Pizano-Rico's sentence, the district court explicitly stated that it had "considered not only the guidelines, but took into

consideration the statutory provisions of 3553, as well, and believe[d] a sentence in the guideline range in this instance meets all of the requirements of a fair and just sentence in this case." (R. 5-9.) More particularly, the court found that Pizano-Rico's "prior record is not good at all in this case, and he continues to return to this country when deported, which reflects very poorly upon his ability to adhere to conditions of the law." (R. 5-9.) It is clear, therefore, that the district court found that an 87-month sentence was "sufficient, but not greater than necessary," to effectuate the purposes of § 3553(a), namely, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public.

Pizano-Rico fails to carry his burden of proving that the sentence imposed was unreasonable in light of the pertinent section 3553(a) factors. Accordingly, we affirm.

**AFFIRMED.**