PER CURIAM:
Michael deVegter and Richard Poirier, Jr. were convicted of wire fraud and conspiracy to defraud Fulton County, Georgia in violation of 18 U.S.C. §§ 371, 1343, and 1346. The government now appeals for the third time the sentences imposed on *242 deVegter and Poirier.[1] The government argues that the district court erred in imposing a custodial sentence of thirteen months on deVegter and of seven months on Poirier given that the Guidelines range for their offenses is forty-one to fifty-one months. Specifically, the government argues that the reassessment of the defendants’ Guidelines range, as well as the downward variances, violated the “law-of-the-case doctrine” and the “mandate rule,” and, furthermore, resulted in unreasonably low sentences.
With respect to the law-of-the-case doctrine and the mandate rule, the government contends that the district court ignored our previous holding in this case when it decided, after an evidentiary hearing, that certain bonus payments of Lazard Freres & Co. were direct costs to be subtracted from the net improper benefit used in sentencing the defendants under § 2B4.1 of the Guidelines. U.S.S.G. § 2B4.1(b)(1) (2000). Previously, we adopted the Fifth Circuit’s approach to calculating the net improper benefit, “which subtracts direct costs, but not indirect costs, from profits to determine the net improper benefit.” United States v. deVegter, 439 F.3d 1299, 1304 (11th Cir. 2006). We defined “direct costs” as “all variable costs that can be specifically identified as costs of performing a contract.” Id. (quoting United States v. Landers, 68 F.3d 882, 884 n. 2 (5th Cir.1995)) (internal quotation marks omitted). As relevant to the defendants, we distinguished commissions from year-end bonuses, which “usually depend on employee performance on multiple deals throughout the year and cannot be readily apportioned to a particular bond deal.” Id. at 1305.
On remand for resentencing, the district court held an evidentiary hearing to consider the application of the newly adopted definition of “direct costs” in our opinion. Specifically, the court considered whether the payments at issue were specifically identifiable costs attributable to a particular transaction or whether they were year-end bonuses not so easily attributable. It determined, on the basis of evidence not considered by us in the previous appeal, that the bonuses were variable costs, specifically identifiable to the relevant transaction. We disagree with the government’s contention that our previous holding forecloses this result because such a reading would determine as a matter of law that year-end bonuses are never direct costs, irrespective of the definition of “direct costs.” This misreads the opinion, placing formalistic reliance on the payment’s label, and ignores the definition of “direct costs” that we adopted. We further find no error in the district court’s conclusion, on the basis of the evidentiary hearing, that the variable bonuses paid were direct costs. Furthermore, any error in the Guidelines range calculation would be harmless because of the district court’s clear statement that it would sentence the defendants in the same manner even if the government’s position were correct. See United States v. Keene, 470 F.3d 1347, 1349 (11th Cir.2006) (Carnes, J.).
Furthermore, that the district court varied downward where we would not depart downward does not significantly concern us. A downward departure implicates the appropriate calculation of the Guidelines range, while a downward variance implicates consideration of the factors set forth in 18 U.S.C. § 3553(a). See United States v. Amedeo, 487 F.3d 823, 829-30 (11th Cir.2007) (finding no violation of the mandate rule where the district *243 court varied upward on the basis of factors rejected by a prior panel in the same case as a basis for an upward departure). Our ultimate review of the downward variances is for reasonableness.[2] See United States v. Williams, 435 F.3d 1350, 1353-55 (11th Cir.2006).
In its final challenge to the district court’s sentences, the government urges that we find the defendants’ sentences unreasonably low given the nature of the crimes. Whether we agree or not with the district court’s rationale for the downward variances or its characterization of the crimes, we cannot say that the sentences ultimately imposed in consideration of the factors delineated in 18 U.S.C. § 3553(a) were unreasonable. Thus, having found no reversible error, the sentences imposed are
AFFIRMED.

. We considered the government's previous two appeals in United States v. Poirier, 321 F.3d 1024 (11th Cir.2003), and United States v. deVegter, 439 F.3d 1299 (11th Cir.2006).

. We note that the sentence before us on this appeal is the only post-Booker sentence to be reviewed by this Court.